Porter, J.
delivered the opinion of the court. The petitioners aver that they are the heirs of Patrick Norris, deceased, who died in this *456 city, leaving a large estate — that he made J & a last will and testament, appointing G. M. Ogden, Andrew Lockhart, and Rowland Craig. jjjg executorg5 an(j that G. M. Ogden, acting collusion with the house of Harrod ⅝ Qg-dens, of which he is a partner, had the whole ^ock in trade of said Norris adjudged much below its real value to that firm, and that Peter V- Ogden, in whose name this purchase bad been made, took possession of all the g°°ds sold them, and collected the debts due the succession.
East’n District.
May, 1822.
pcid V»™ to recover'a*'5 partnership, the hit aSn: interveue-aZ#er if they have a with thedefcn-
Pleadings should not be argumentative5 extraneous mal-ter'
They further aver that Peter V. Ogden was a partner in the house of Harrod & Ogdens, . that this sale was null and void, and they pray jU(lgment f°r the value of the store and the mOI»eS Collected.
Peter V. Ogden died since the transaction complained of, leaving his widow, Francoise Duplessis and G. M. Ogden his executors, who have answered this petition severally. The widow first pleaded the general issue, and that her husband had paid the heirs of Norris — the others, to the general denial, added that they had accounted to the house of Harrod & Ogdens, for the amount claimed, and concluded by averring that the executors *457 of Norris had duly accounted for all monies . . arising from the succession of P. Norris.
To these pleas the plaintiffs replied, that nothing demanded in the present petition made a part of the charges against the executors, in the court of probates, and that what was done there could not be pleaded in bar, unless it was approved of by the petitioners, or decreed in a suit to which they were parties.
The petition of intervention, the rejection of which has given rise to this appeal, is in the name of the surviving partners of the house of Harrod & Ogdens, and of the executors of the late Patrick Norris; it asserts that for several years previous to the day of the said house was in partnership with the late Patrick Norris, in a hardware store, for equal shares of profit and loss; that Norris died, leaving the persons already mentioned his executors; that they, Harrod & Ogdens, being greatly interested in the settlement of the partnership concerns, applied to the court before which this cause originated, to have their rights as partners ascertained; that they were recog-nised as such by a decree of that court, a^ supposing themselves duly authorised b'1^8* decree, they retained, by permission11'0111 ^ *458 executors of Norris, the proceeds of the sale . ot the store; and that they have paid debts due by Norris, or rather bj the partnership Norr¡s? Harrod ⅛ Ogdens, conducted under the name of Patrick Norris, to an amount equal to these proceeds.
That the petitioners well knew these premises, and that the whole had remained in possession of Harrod & Ogdens; yet they commenced an action in the court of probates against the executors, and forced them by this measure to make out an account in which they charged themselves with the proceeds arising from the sale of the effects of Norris; that the present demand is for the same sum, which the plaintiffs now contend, in a suit pending in the court of probates, is in the hands of Patrick Norris, but that the persons, really .accountable, are Harrod & Ogdens. By reason of these premises, they request leave to be made parties, and pray that this action may be enjoined until a final settlement of the accounts of P. Norris’ estate, and Harrod S," Ogdens.
To this petition the plaintiffs filed several eXv^otions. That the petitioners in the bill of ^ the representatives of P. V, *459 Obelen, were already defendants, and had an- ° J swered in the action; and that they could not intervene, in a suit to which they were ready parties, and had pleaded. That G. M. Ogden, who is at one and the same time, executor of P. Y. Ogden, Patrick Norris, and partner in the house of Harrod & Ogdens, can protect the interest of that firm — finally, they deny any balance to be due Harrod & Ogdens, and conclude by alleging that the inventory made after Norris’ death, was fraudulent.
The court cannot avoid noticing the manner this record is made up. The pleadings on the part of plaintiff are drawn in a very loose manner, argumentative, and full of irrelevant matter, which has no other effect but of increasing costs, and rendering it difficult to find the material facts. The notice now taken of this irregularity will, no doubt, prevent any thing of the same kind appearing hereafter.
The plaintiffs insist that this was a special, or corporate partnership, and that they have a right to settle its affairs. We do not think it either
Not special — that is, for one particular transaction — this was for business as ironmongers, and for an indefinite period of time. *460 Not corporate — that is, where the dormant r partner contributes only a certain sum, and by agreement, is to have a certain share in the profits and losses, without being answerable for the latter beyond the amount brought by him into partnership: but here we have not discovered that any such stipulation existed.
It appears to us an ordinary commercial partnership, dissolved by the death of one of the partners, in the liquidation of which his heirs have a right to participate with the surviving partners, and until a partition takes place, if one of the partners sues to recover a debt due the former firm, we have no doubt the others may be made parties for the assurance of their rights.
If the defendant, in this suit, did not represent the succession of one of the late partners in the house of Harrod & Ogdens, the petitioners would have a right to intervene. But it is expressly stated, that Peter V. Ogden was a partner in that house; consequently Harrod & Ogdens have an interest directly opposed to any judgment being rendered against the defendants. On the ordinary principles then, on which petitions of intervention are received, that now before us must be rejected.
Livingston for the plaintiffs, Seghers for the defendants.
A stranger to a suit cannot be received on record, to aid others in the defence of it. The prayer for an injunction, contained in this petition, is one which, on the facts stated, would have come with as much propriety from the defendants; but with what success, we do not say.
Why the executors of P. Norris wish to be made parties, we cannot discover. As plaintiffs, they have no right — as defendants, how can they be affected by what takes place between the plaintiffs and the succession of P. V. Ogden.
The court sees that the object of this suit, is to make P. V. Ogden’s estate responsible in the first instance, to the heirs of Norris. The matters in defence to this demand, will come more regularly from the defendants, than from another party in the shape of a bill of interpleader.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with cost.