MICHAEL SMELSER, Syndic of his own creditors *v.* REBECCA WILLIAMS and others.

Where a defendant swears that his principal counsel is unable to attend, as he is informed and believes, in consequence of severe illness, and that he cannot safely go to trial without him, he is entitled to a continuance.

APPEAL from the District Court of St. Helena, *Jones,* J.

SIMON, J. This case was before us in 1843, and was remanded for a new trial. 4 Robinson, 152. On the day fixed for the trial of the cause in the lower court, after the return of our mandate, the defendants moved for a continuance, on the

ground of the absence of their principal counsel as stated in
the affidavit presented, the associate counsel being also absent,
and they having no counsel present.   This motion was over-
ruled, and the defendants took a bill of exceptions.

We are of opinion that the judge *a quo* erred, in refusing the
continuance.   The defendants' affidavit shows that John P. Bul-
lard, Esquire, was *the principal counsel in the cause ;* that he was
absent, and that, as they had been informed and verily believed,
said Bullard was detained and unable to attend *by severe illness ;*
and they further swear that *they cannot safely go to trial without
him.*   It is true this affidavit makes no allusion to the absence of
T. Lawson, Esquire, the defendants' other counsel, who was
not in attendance, and that no reason is assigned therein for
said Lawson's absence ; but taking the facts stated in the affi-
davit as true, it seems that John P. Bullard was the principal
counsel entrusted with the defence of the cause, and· that the
defendants could not safely go to trial without him.   Lawson's
absence may, perhaps, also be accounted for by the very reason
that, not being the principal counsel, and relying upon his asso-
ciate for the defence of the cause, he did not think it necessary
to attend, as he was perhaps unacquainted with the circum-
stance which prevented Bullard from attending to the, trial.   Be
this as it may, we are not prepared to say that, under the cir-
cumstances of this case, the defendants were properly forced
into the trial of it in the absence of all their counsel, and particu-
larly of the one in whom they appear to have placed most con-
fidence ; and, as this court said in the case of *Barry* v. *The
Louisiana Insurance Company*, 12 Mart. 484, "when a counsel
is really prevented by indisposition from attending, the client
might suffer great injury if the cause was pressed in the ab-
sence of the one of his counsel, who had taken on himself the
laboring oar." See also 5 Mart. N. S. 641.   6 *Ib.* 335.   Here
the case was tried and submitted to the court *a quà* on the evi-
dence already on file.   No new evidence was produced by
either party, except the admission of a fact exhibited by the
record ; and although this is a case of long standing, we think
the sickness of the leading and principal counsel of the defen-
dants, was a good ground for a continuance, and that justice

requires it should be remanded for a new trial, in order to af-
ford the defendants an opportunity of being represented by
counsel in the defence of their rights.

It is, therefore, ordered and decreed, that the judgment of
the District Court be annulled and reversed, and that this cause
be remanded to the lower court for a new trial; the appellee
paying the costs of this appeal.

*Sheafe,* for the plaintiff.

*Winter* and *Lawson,* for the appellants.