## No. 9113.

### R. S. CAMERON ET AL. VS. M. M. ADA LANE AND HUSBAND.

The Code of Practice contains no rules or special provisions authorizing and regulating applications for continuance of a cause on account of the absence of one of the parties to the suit, who desires to testify in the cause.

Such applications must be left to, and controlled by, the sound discretion of the trial judge, whose ruling will not be disturbed on appeal unless manifestly erroneous or glaringly unjust. A ruling which denies a continuance to a party domiciled in the parish in which the suit is pending, urged on the ground of the absence of that party, at his temporary residence in another parish, and of the indispensable importance of his testimony, which he desires to be taken under a commission, is not erroneous, and will be upheld by the Supreme Court. A continuance will not be granted on the ground that the counsel of the party applying for it is called away, and that his presence is demanded for important professional business pending in the court of another parish in which he resides and practices. In an action of partition, the judge has the legal authority to select the best means of discovering the most efficient mode of effecting the partition; to that end he may appoint experts for the purpose of examining and reporting the true condition of the property, and of suggesting a mode of partition. The law does not require him to consult either party in the selection of experts.

In their examination and deliberations, the experts are not required to proceed contradictorily with the parties; they are not compelled to notify or consult either.

APPEAL from the Twelfth District Court, Parish of Grant. *Barbin, J.*

*Robt. P. Hunter and John O. Wickliffe* for Plaintiffs and Appellees.

*Joseph P. Hornor and Francis W. Baker* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J. This is an action of partition, in which the defendant denies the ownership of plaintiffs in any portion of the lands which they claim to hold in indivision with her. The defendant prosecutes this appeal from a judgment in favor of plaintiffs, ordering a partition in kind of the lands in question, and referring the parties to a notary appointed to make the partition.

In an assignment of errors, she complains of numerous irregularities in the proceedings; we shall notice them in the order in which they are presented. 1st. Her principal and bitterest complaint is levelled at the judge's refusal of a continuance of the cause, for which she had presented two distinct and successive motions. The following recital of proceedings is necessary to a proper solution of the points raised in that connection :

The record shows that the defendant, Mrs. Lane, was domiciled in. the parish of Grant at the time that this suit was instituted in said parish, on the 4th of January, 1883, but that at the time, and in March following, when the trial occurred, she was absent from the parish, and was at her temporary residence in the city of New Orleans.

Constructive service of citation was made at her domicile in Grant parish on the 5th of January, and personal service was made on her in New Orleans on January 18th. On plaintiff's prayer, a surveyor and two experts were appointed by the judge on January 6th for the purpose of reporting the situation of the lands sought to be divided, and of suggesting a mode of partition in the premises.

The surveyor and experts thus appointed were qualified on January 12th, and on the same day they submitted their report.

On March 7th defendant filed her answer, which put plaintiffs' alleged title at issue.

On March 8th the case was fixed for trial for the fifteenth of that month. On the 10th of the same month the defendant's counsel, who was then in attendance at the court, filed his first motion for a continuance of the cause to the next term of the court. The motion charged in substance that defendant was in New Orleans ill, and that her testimony was indispensable to her defense, and that it could not be taken before the return of a commission issued on March 8th for the testimony of a witness in Rapides parish, which had been made returnable on the 15th, and that her leading counsel, the affiant, was called to New Orleans, the place of his residence, on important professional business, for which his presence was indispensable. The motion was denied;

whereupon defendant's counsel proceeded to New Orleans, where, on the 13th of March, he prepared and swore to a second motion for a continuance, which he forwarded to the court in Grant parish, accompanied by interrogatories to be propounded to his client in New Orleans, and in which he reiterated the ground of the professional business which required his presence in that city. The petition praying for a commission to take the defendant's testimony was sworn to by herself on the 13th of March in New Orleans. These documents reached the court and were filed on March 15, and no action appears to have been taken on the petition for a commission, but the motion for a continuance was overruled. In the meantime, on the 9th of March, the cause was reassigned for trial for the 16th of the month, on which day judgment was rendered as hereinabove stated. The case was tried in the absence of defendant and of her counsel. From the foregoing statement, it appears that the main grounds of the two motions for continuance were:

1st. The absence of defendant's leading counsel. 2d. Her own absence, and the indispensable importance of her own testimony.

1st. The first ground involves the proposition that an attorney who resides and practices his profession in the city of New Orleans, where the district courts are constantly in session from the month of November to July of each year, can obtain the continuance of a cause in which he is engaged in one of the country parishes of the State, in which only four terms of court are held annually, on the ground that his presence is needed in the city of his residence. The mere statement of the proposition is its best refutation. The recognition of such a rule would place it in the power of a recalcitrant defendant to procrastinate litigation to an indefinite period of time, the effect of which would be tantamount to an absolute denial of justice. Kohn vs. Short, 18 Ann. 291.

2d. The second ground, which hinges upon the absence of the defendant herself, presents a question somewhat novel in our jurisprudence, and hence we have given the subject a great deal of reflection and study, including a thorough examination of all our reports on the question of continuance of cases. It is to be noted that our present Code of Practice has been adopted since the enactment of the law under which parties to suits are entitled to testify in their own behalf, and that it contains no provisions on the subject of continuance of causes which could, under any construction, possibly apply to the testimony of parties to the suit.

On the contrary, every provision on the subject is pregnant with the idea that parties to suits are entitled to no relief by means of continuance with a view to secure their own testimony.

Article 465 provides for the case when a witness summoned in the cause has gone away, and the party applying for a continuance swears that he did not know the intention of the witness, or could not prevent his departure.

Article 471 furnishes the remedy to compel the attendance of a witness duly summoned, by means of an attachment.

Article 467 provides for the case of the sickness of a witness, and points out the mode of securing his testimony.

Article 466 furnishes the means of avoiding the continuance of a cause on the ground of the absence of one or several witnesses, by requiring the party relying on the testimony of such witnesses to disclose on oath what facts he intends to prove by them. But the Code is absolutely silent on the subject of unavoidable or even unforeseen absence of one of the parties to the suit, whose testimony may be needed in support of his cause.

Hence, the only guidance of courts in such an emergency is Article 468, which provides as follows:

" The court has, besides, a discretionary power to grant continuance whenever the cause alleged by the party applying for it appears sufficient to justify the same."

This article involves the discretion which is lodged in courts of the first instance, and hence it has been uniformly held by this Court that such a discretion is very great and exceedingly delicate, and that it will never be interfered with by the appellate tribunal, except in extreme cases, where it appears that a glaring injustice has been done to the party applying for a continuance.

If this rule is safe and wise in ordinary cases, it must apply with greater certainty to cases where the continuance prayed for is predicated on the absence of a party to the suit, and on the indispensable character of his testimony in the cause. But the climax of the rule will certainly be found in a case where the party whose absence is made the basis of the motion for a continuance is a resident of the parish in which the suit is pending, as is shown in the case now before us.

The suit had been pending since January 4th; *personal service had been* made on *January 18th;* her defense was want of titles in her alleged co-owners; the report of experts which she opposed had been on file since *the 12th* of January, and she certainly knew the importance of

her testimony, and she must have been aware of her future intention, so as to prepare in advance for the emergency of her absence from home at the time she intended to file her answer. All these incidents and movements were under her absolute and exclusive control, and hence she could not be heard to plead surprise, or that she had been prevented from preparing her proof by some unforeseen cause. C. P. 464.

It is true that in her counsel's affidavit in support of his motion for a continuance, on the 10th of March, we find the statement that she was ill in New Orleans. But it is apparent that when in Colfax, Grant parish, he hazarded that assertion, he was misinformed as to her true condition; for on the 13th of the month, only three days later, she went in person before a notary and swore to the allegations in her petition for a commission to take her own testimony. We note also that in the motion of March 13th no reference is made to the condition of her health, and that the assertion of her illness is not repeated. Had she left this city by the same train which carried her papers, she could easily have been in Colfax on the 15th, the day before the trial. Under the theory of her motion for a continuance, the district judge was practically called upon to decide that, in his opinion, a party to a suit pending in Grant parish, in which he resides, is entitled to a continuance for the purpose of taking his own testimony in New Orleans, where he is sojourning, and when it appears from his own papers that he is well enough to go before a notary in person and swear to the necessary affidavit. The judge exercised his discretion to the reverse, and we cannot assume the responsibility of disturbing his ruling.

Had the affidavit for the motion shown that the defendant had been unexpectedly taken suddenly ill, she would have presented an entirely different state of affairs, and doubtless the judge would have ruled otherwise. But even on that state of things we do not propose to indicate what ruling should be made. The judge in his discretion must deal with each particular case as it presents itself; and we repeat that his discretion will not be disturbed, except in extreme cases. This Court has gone to a great length in upholding district judges on similar rulings in the trial of cases.

In the case of Richardson vs. Dinkgrave et al., 26 Ann. 655, plaintiff's counsel moved for the continuance of the cause on trial from Saturday to Monday, so as to send for their client, who was in the parish, and whose testimony was indispensable to her cause, and this Court sustained the refusal of the district judge. The court said: "Plaintiff

had not been subpœnaed as a witness, and there was no process by which her attendance could have been compelled. If she had intended to be heard in her own behalf, she should have been present to testify when the time came. * * * The question is, whether she had the right to have the case postponed in order to give her an opportunity of being heard. She unquestionably had not the right, and the judge did not, therefore, err in refusing to continue or postpone the case on account of her absence." This was beyond a doubt a more rigorous ruling than the one now under consideration, but the discretionary power of the lower court was maintained and upheld.

Defendant's counsel call our attention to the case of Calhoun vs. Bank, 28 Ann. 260, in which plaintiff was allowed a continuance for the purpose of awaiting the return of a commission to take plaintiff's own testimony. But in that case plaintiff was not a resident of Louisiana, and the delay fixed for the return of the commission had not yet expired. However, in so far as the ruling of that case conflicts with the views announced in the Richardson case, decided by the same bench, and with the views herein expressed, it must be considered to that extent as overruled.

We have carefully examined and given due consideration to the numerous authorities cited by defendant's counsel; but with the exception of the case just disposed of, their cases refer to discussions involving the general rules of continuance, antedating and having no reference to applications for continuances by parties to the suit with a view to secure their own testimony. We are aware that the rule as established in our jurisprudence is that "Diligence in law means doing everything reasonable, and not everything possible." Our opinion is that the defendant's motion does not show a compliance with that rule, and that she was not entitled to a continuance as prayed for. We have been thus particular and at great pains in dealing with this question, on account of its growing importance under our amended laws of evidence.

### On the Merits.

2d. The errors assigned by defendant are substantially that the judge ordered a partition of the property without passing on the issue of plaintiffs' titles raised in her answer, and in appointing experts in an *ex parte* order, and in entertaining the report of the experts which had been made *ex parte*, and in indecent haste.

Without formally passing on the issue of title, the judge must be understood to have adjudicated plaintiffs as the joint owners of the

property in question, or else he would not have ordered a partition at their instance.

The decision of that issue was an absolute prerequisite to the judgment of partition. All issues presented by the pleadings are presumed to have been disposed of even when passed over in apparent silence. In the case of Villars vs. Faivre and Mathews, recently decided, we had occasion to consider and apply that rule.

The question involving plaintiffs' title to the property sought to be partitioned, loses all practical importance since the final decision rendered by us in the case of Lane vs. Cameron, and which was a direct suit for the nullity of their title. It was formally recognized and enforced in that case.

We have carefully examined the proceedings of partition in this case and do not find them amenable to the criticism levelled at them by defendant in her assignment of errors.

As this was a proceeding instituted and carried on contradictorily with the defendant, we see no force in the objection that the order appointing the surveyor and the experts was *ex parte*. We know of no rule of law which required the judge to consult either party in such appointment and we have been referred to none.

The fundamental principles of our law is that " no one can be compelled to hold property with another, unless the contrary has been agreed upon ;" hence, " anyone has a right to demand the division of a thing held in common, by the action of partition." C. C. Art. 1289.

The judicial partition must be resorted to when the parties do not agree to the partition or on the manner of making it. C. C. 1323. In this case the judge had no difficulty in reaching a correct conclusion on this first inquiry in the premises. The only remaining question was to adopt a mode of partition.

As a guide to his steps in that matter, the judge has article 1336 of the Code which vests him with ample jurisdiction, to adopt the mode which appears to him most convenient and most advantageous to the general interest of the parties.

And, in this connection, jurisprudence has settled that the judge has the option to rest his discretion on the report of experts which he has the legal authority to appoint, whose report may, however, be overcome by evidence.

The record shows that, after hearing and considering the report of experts, the judge adopted the mode of partition suggested by them, that he homologated and ratified their report, and ordered that the partition be made in accordance therewith.

Cameron vs. Lane and Husband.

We fail to discover any force in the objection that the report of experts was gotten up with indecent haste, because it was made on the same day that they were qualified, and without an inspection or survey of the lands to be partitioned. The record shows that they were furnished by the appointed surveyor, who was their co-laborer, with maps, surveys and field notes, previously made and taken by that very surveyor, and nothing more could be expected or required of them. Defendant does not allege, or attempt to show, that the report is erroneous or deficient, either in form or in substance. The alleged celerity with which the labor of the experts was accomplished is, of itself, no valid or legal objection to their report if it be not shown to be fraudulent or erroneous.

There are no provisions of our law requiring the experts to proceed with their examination, contradictorily with either of the parties to the action in partition.

We are satisfied that defendant has been deprived or stripped of none of her legal rights through and by means of the proceedings for partition, and hence, we conclude that her complaint is unfounded.

Judgment affirmed.

---

## CONCURRING OPINION.

BERMUDEZ, C. J. I consider that the continuance was properly refused; that the objections to the appointment of the experts and to their report, as well as to the manner in which the case was tried and disposed of, lack legal foundation.

It has been a practice of long standing in courts having competent jurisdiction, to appoint ex parte, on the filing of the petition, experts to ascertain and report whether the property, the partition whereof is sought, can or not be conveniently divided in kind. When the parties thus appointed have qualified and made their report, a rule is generally taken on opposite parties to show cause why it should not be approved or the report is simply filed, to be acted upon at the trial of the case.

This ex parte appointment and report have never been considered as conclusive upon the other parties, who have always been properly recognized the right and allowed the privilege of objecting as well to the personnel of the expertise, as to the substance, in whole or in part, of their report. After hearing, the court homologates the report or modifies it, or ignores it, and concludes, sometimes, to the reverse.

The court is not bound to appoint the experts and is not bound by their reports. The appointment is not indispensable to a judgment

of licitation, which may be rendered on simple testimonial proof of its necessity. The latter mode has been considered and declared to be often more satisfactory than the former. 3 R. 48; 5 A. 499; 7 A. 477; 9 A. 197; 11 A. 388.

The appellant's attacks were based upon untenable grounds, none of which had for its object the *personnel* of the experts. The objections were properly overruled and are no valid reasons of complaint.

No fact is relied on to show that she was injured by the appointment and by the report. Had testimony been adduced, in place of the report which was acted upon, the result would have been the same, the partition by sale would have been ordered and decreed and the property would have been, as it actually was, sold.

### DISSENTING OPINION.

FENNER, J. This is a partition suit involving not only the division but the title to over seven thousand acres of land, appraised in these very proceedings at more than $73,000.

The case was put at issue, by timely answer, on the 7th of March, 1883, at the opening of the first term of court after filing of petition.

Experts were appointed on the *ex parte* application of plaintiffs, and without notice to defendants. With incredible celerity, these experts filed their report on the same day on which they were appointed, and at a time when defendant was known to be absent from the parish and had not even been personally cited. On March 16th, only eight days after issue joined, the case was taken up for trial, in absence of defendant and her counsel, and judgment was rendered.

Surely, such lightning speed in the disposition of a controversy of this magnitude, without a hearing to one of the parties, is without example in judicial history.

It would not be too much to say that even had the absence of defendant and her counsel been negligent or unaccounted for, a judicious magistrate, restrained by the fear of doing injustice, should, of his own accord, have declined to proceed to act upon the report of experts so precipitately framed, without the fullest opportunity for hearing to the parties.

But in this case, defendant's counsel, a member of the bar of New Orleans, on the day after issue joined, had applied for a commission to take the testimony of a witness in Rapides parish, which was granted, returnable in seven days.

On the 10th of March, he made a motion for continuance, suggesting that the current term of the court would expire on the 17th; that his

client was absent, ill, in New Orleans, and would not be able to attend at that term of court; that there was not time to procure her testimony under commission before the end of the term, because he was unable to prepare interrogatories properly without consulting her; that other testimony of other absent witnesses might be required, the necessity for which could not be determined until after he had seen the testimony of the Rapides witness, for which a commission had been issued; and that he himself was absolutely compelled to return to New Orleans on imperative business.

The continuance was refused. The counsel then returned to New Orleans, consulted with his client, prepared interrogatories to take her testimony and a petition for commission, which he forwarded to the judge, accompanied by another sworn application for continuance. The application reached the judge on the 15th, was disregarded, the commission prayed for was not issued, and on the day following the cause was taken up, tried and decided.

The mere statement of the facts indicates the plain duty of our interference to avoid the effect of such precipitate proceedings. In invoking extreme technicalities, doubtful inferences and the most exacting rules of possible diligence, to sustain the refusal of such timely and reasonable applications for continuance, and to support a judgment rendered, without hearing, with such unseemly haste, in a matter of such difficulty and importance, I am bound to say that the Court drifts far away from those equitable rules which have guided our predecessors in such matters, and which, in the language of Judge Porter, with the concurrence of Martin and Matthews, held it "to be law, as it is certainly the safest practice, that whenever the propriety of granting a continuance to a defendant is doubtful, that the court should accord it. If any error is committed on that side, the consequence is but delay to the plaintiff; if on the other, a mistake might produce great injury, perhaps ruin, to a party defending himself against an unjust demand."

Lecesne vs. Cottin, 9 Mart. O. S. 457.

Lee vs. Andrews, 10 *id.* 686.

See, also, 9 Mart. 457; 6 N. S. 635; 7 N. S. 104; 3 La. 448; 19 La. 558; 9 Rob. 380; 10 Rob. 97; 8 Ann. 467; 28 Ann. 260.

These considerations are enforced in the instant case, by the brief period for which the case had been at issue, by the unusual expedition of the proceedings, and by the natural aversion of the judicial mind, to judgments without hearing; and, still more, by the fact that it is only by decision of this Court, rendered since the present cause was

submitted, that the title of the plaintiffs to a share in the land involved in the partition, which of course underlaid their right to partition, has been finally confirmed.

I, therefore, dissent from the opinion and decree therein.

Mr. Justice Todd concurs in this opinion.