(45 South. 519.)

No. 16,654.

SMITH v. UNION SAWMILL CO.

(Jan. 20, 1908.)

PLEADING—INCONSISTENT DEFENSES.

The rule that a party who denies his signature to a document upon which he is being sued is cut off from every other defense applies equally in the case where the document is being urged by way of defense. The sole question then is as to the genuineness of the signature, and any peculiarities in the document which might tend to show that it had been altered or tampered with become immaterial.

(Syllabus by the Court.)

Appeal from Fourth Judicial District Court, Parish of Union; John Elliotte Clayton, Judge ad hoc.

Action by L. E. Smith against the Union Sawmill Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Preaus & Matthews, Price, Roberts & Field, and Oliver Cromwell Dawkins, for appellant. Lamkin, Millsaps & Dawkins, for appellee.

PROVOSTY, J. Plaintiff denies that he signed a certain act of sale of timber, and asks that the registry of same be canceled and that the defendant be enjoined from attempting to exercise any rights under same. The sole question in the case is as to the genuineness of the signature of plaintiff to the instrument.

The instrument is peculiar. The learned judge ad hoc says of it:

"A printed form has been used, and the blanks are filled out partly with rubber stamp, partly in ink, partly with a typewriter, partly with an ordinary black pencil, and partly with an indelible purple pencil."

This peculiarity, however, would be material only if plaintiff were contending that the instrument had been tampered with; but his contention is that he never signed it at all, and by express provision of the Code of Practice, where the person against whom an instrument is offered denies his signature, he is barred from every other defense, and, the signature being proved, judgment must be rendered against him. Articles 324, 325, 326.

One of the attesting witnesses testified that he had not seen plaintiff sign the instrument, but that after plaintiff and the other attesting witness had executed the instrument inside of the house they had come out to where

witness was in the road, and plaintiff had there acknowledged that he had signed the instrument.

This witness, however, is impeached, and the court has attached to his testimony only such weight as it is entitled to.

The other attesting witness, Wheliss by name, was dead at the time of the trial; but the genuineness of his signature was conceded.

Plaintiff admits having signed and delivered to Wheliss a sale of timber, and admits having signed one such instrument, but denies that it was in favor of Mr. McShane, in whose favor the instrument in controversy is made.

All the witnesses testify, and, in fact, plaintiff himself admits, that the signature has all the appearance of a genuine signature.

In his examination in chief plaintiff "couldn't say whether that is my signature or not; it resembles my signature." And it was only under cross-examination that he became positive that the signature was not his. The trial judge says that plaintiff's manner on the witness stand was "hesitating and indecisive." He thought that the preponderance of the evidence was against plaintiff, and this court is of the same opinion decidedly.

Judgment affirmed.