On the Merits.
The applicant, Sciortino, alleged that the defendant bank negligently paid a check on which his name was forged for the sum of $325, which it paid from his funds on deposit.
*218 He instituted suit against the bank to recover judgment for the amount.
The bank answered, alleging that the cheek was not forged; that the signature to the check was a genuine signature.
The only issue was forgery vel non. The court of first instance and the Court of Appeal confined the inquiry to that point.
The ruling finds ample support in Code Prac. arts. 324, 325, and in Smith v. Union Sawmill Co., 120 La. 599, 45 South. 519.
The judge of the district court, who heard the witnesses, observed their manner of testifying, was acquainted with them, and had the opportunity at first hand, held that the signature was not a forgery.
On appeal to the Court of Appeal that court said among other things: That plaintiff did not positively deny the correctness of the signature: “S. Sciortino, per J. S.” It was that used in his dealings, and that he personally never had drawn checks.
That all his checks were drawn by his young son, Joseph, 16 years of age.
The court found similarity between this check and the other checks drawn as just mentioned in the usual course of business.
The court also found as a fact: That defendant received other checks of plaintiff similarly signed and paid them.
That the president of defendant bank received the checks of plaintiff through the mail, including the present check which he received through the mail. That it was paid on December 7, 1908 by defendant’s check on the National Park Bank of New York City in favor of the German Insurance Bank.
The court relates as a fact that plaintiff testified that he had not signed the check in question, nor authorized any one to sign it. But in reply to the question, “Did you sign that check yourself?” he said, “No, sir; my son signed it.”
Subsequently he changed this statement, and swore that his son had not signed it.
No question but that plaintiff’s son had authority to sign plaintiff’s name to checks on the bank, written as before stated.
The court noted in the decision that it was remarkable that plaintiff never testified that the signature is not his signature, but always testified “that the signature was not his signature, but always said that he never gave the cheeks, never signed it; that Joe did not sign it.”
Considerable other testimony of the father and son is noted, which we summarize as follows: A traveling salesman, an Italian, sold plaintiff a bill of goods November 24, 1908 (this salesman was a stranger to father and son), amounting to $445, for which plaintiff executed three notes in equal amounts, payable within three months.
The son signed the usual signature, “S. Sciortino, per J. S.”
The plaintiff did not testify that he saw what was written in the notes, or that he read them at any time.
The son was the only witness as relates to these notes, and it appears that whatever he signed was written by the salesman, in a manner and under circumstances, that did not impress the district court.
Against the testimony of plaintiff, the president of the defendant bank testified that from his familiarity with the signature, past dealing with the parties, and by comparison that the signature is genuine. He was positive.
J. E. Dunlap, another bank president, testified to about the same effect; also, James M. Rhorer, deputy clerk of court, C. A. Barker, Sr., a bank cashier.
The district judge was not controlled by these witnesses. Temple v. Smith, 7 La. Ann. 562. He in the exercise of judicial discretion arrived at the conclusion before stated, which was affirmed.
This, court has again and again decided that it would accept the facts found by the Court of Appeal as correct, particularly if the applicant failed to show in support of his case that they were in any way erroneous.
*220 We have noted that the only questions here are of facts.
The applicant has not produced a scintilla of evidence other than that found by the Court of Appeal, which we have reviewed above.
We therefore recall the order nisi, dismiss applicant’s petition, and deny his demand.