No. 526

First Circuit

GIVENS v. JOSEPH

(December 3, 1929. Opinion and Decree.)
(March 5, 1930. Rehearing Refused.)
(May 5, 1930. Writs of Certiorari and Review Refused by Supreme Court.)

Bouanchaud, Kearney & Bouanchaud, of Baton Rouge, attorneys for plaintiff, appellee.

Taylor & Parker, of Baton Rouge, attorneys for defendant, appellant.

ELLIOTT, J. Earl C. Givens and H. S. Joseph each claim against the other the ownership and the right to possess a certain promissory note for $1,200, executed by Henry D. Kuhlman, at Harlingen, Tex., dated February 28, 1928, payable to the order of E. C. Givens, at Harlingen, Tex., five years after date. The note was executed in part payment of certain lands situated in Cameron, Tex., purchased by Kuhlman from E. C. Givens, through E. A. Givens and H. S. Joseph.

E. C. Givens alleges that the note was stolen from him at Shreveport, La., some time during the year 1928, and that it was not indorsed by him, therefore not negotiable; that the indorsement which purports to be his is a forgery.

The plaintiff alleges that the defendant, Joseph, has possession of the note, and, fearing that he might send same out of the jurisdiction of the court, he caused it to be sequestered.

Defendant moved to dissolve the sequestration, on the ground that the affidavit was false and untrue. But the minutes show that subsequently the motion, at his own request, plaintiff consenting, was referred to the merits. Defendant then answered, denying that plaintiff was the owner of the note, that it had been stolen, and that plaintiff's indorsement had been forged. He further alleged that the note belonged to him; that he had become the owner of it for valuable consideration before maturity, from E. A. Givens, acting as agent for plaintiff and himself. He admits that plaintiff has repeatedly demanded that it be delivered to him, and that he had refused, and denied that his possession was illegal. He alleged alternatively that, if

the note was decreed to belong to plaintiff, then the plaintiff owed him $1,050, with interest, and prayed, in case the note was held to belong to plaintiff, that he then have judgment in reconvention against plaintiff for $1,050, with interest. A supplemental answer was filed praying that plaintiff be condemned to pay additional sums as attorney's fees, etc.

The court rendered judgment maintaining the sequestration, recognizing plaintiff as the owner of the note and rejecting defendant's demand in reconvention.

A large amount of parol testimony was taken on the trial. Almost every possible light was brought to bear on the question, whether the note had been, in fact, stolen from plaintiff, and also whether the signature which it purports to bear as an indorsement, had been in fact, forged. And finally whether plaintiff was, in fact, indebted to defendant, as alleged in defendant's answer.

Defendant urges that his motion to dissolve the sequestration should prevail, and that it should be taken up and acted on in advance of the merits. But the motion to dissolve cannot serve such a purpose now.

At the request of the defendant, the plaintiff consenting, it was referred to the merits. It was urged with the merits on the question of ownership. We cannot change the situation thus created; we can only consider it now, and the averments contained in it in connection with his original and supplemental answer and as a defensive plea to the merits.

It would serve no useful purpose to relate and set forth the acrimonious charges and counter charges which we find in the record, between E. C. Givens and E. A. Givens. The controversy is largely between them. It is sufficient to state that plaintiff's testimony setting forth where he kept this note, with others, where it was when he last saw it before it got out of his hands and into those of the defendant, is supported indirectly by disinterested testimony and by facts and circumstances.

Our conclusion, therefore, is that it was stolen, but defendant, Joseph, had nothing to do with taking it.

As for the alleged forgery, the plaintiff positively asserts that the indorsement which it bears, and which purports to be his own, as a result of which the note was in form made negotiable and got out of his hands, is a forgery.

There is testimony from which it could be inferred that plaintiff's indorsement was not forged, but plaintiff is supported in his testimony on this subject indirectly by witnesses without interest in the result and by various facts and circumstances, and also by a preponderance of the opinion testimony, from all of which we conclude that the purported indorsement is a forgery, with which, however, defendant had nothing to do. Nevertheless the result is that he did not become the owner of the note when it was placed in his hands, but it justly and legally belonged to the plaintiff.

The lower court rendered the proper judgment on the question of ownership.

Defendant contends that the note was given to him in payment of a debt due him by the plaintiff.

We do not deem it proper to go into details recapitulating the dealings between the plaintiff and others engaged in selling his lands in Cameron county, Tex., on a commission basis. It is enough to say that defendant was never employed by the plaintiff; that the plaintiff never dealt with him, but he approved of a contract which

had been entered into between him and E. A. Givens in regard to the sale of land on a commission.

The defendant was employed by E. A. Givens, who was to pay him 2½ out of a 7½ per cent commission, which he was to receive from the plaintiff.

It is our conclusion that plaintiff is not indebted to the defendant, and that the lower court properly rejected defendant's demand in reconvention.

Judgment affirmed; defendant and appellant to pay the cost in both courts.