## GIVENS v. KUHLMAN.
### No. 1052.

Court of Appeal of Louisiana. First Circuit.
Jan. 24, 1933.

Hakenyos, Provosty & Staples, of Alexandria, for appellant.

Bouanchaud & Kearney, of New Roads, for appellee.

ELLIOTT, J.

Earl C. Givens and H. D. Kuhlman claim against each other the ownership and right to possess a certain promissory note for $1,-100, executed and signed by said Kuhlman at Harlingen, Tex., on February 28, 1928.

The note is payable to E. C. Givens or order on or before 8 years after date, and represents part of the purchase price of certain land situated in Cameron county in said state. The retention of a vendor's lien on the land sold is stipulated, together with 6 per cent. per annum interest until paid, but the interest is to be 10 per cent. per annum after maturity, and the maker agreed to pay 10 per cent. attorney's fees in case the note is not paid when due and is placed in the hands of an attorney for collection.

It purports to bear the indorsement of Earl C. Givens, the plaintiff, and the genuineness

of this indorsement constitutes the main controversy in this case.

The plaintiff alleges that the note was stolen from him at Shreveport, La., some time during the year 1928, and that the purported indorsement which it bears is a forgery; that it was not indorsed by him, and is therefore not negotiable. Alleging that said Kuhlman has illegal possession and refuses to deliver it to him and fears he will send the same out of the jurisdiction of the court during the pendency of the suit, he prayed that the note be sequestered and held pending the decision of the case. A writ of possession issued; the note was seized and is now held by the sheriff. The plaintiff prays that the indorsement which it purports to bear be decreed to be a forgery, and that he be recognized as the owner of the note and that it be restored to him.

Defendant appeared and excepted to plaintiff's demand on the ground that his petition disclosed no right or cause of action. This exception was overruled. Defendant then filed an answer containing many averments that were not gone into on the trial.

The situation with which we have to deal will be best served by leaving out of view various matters, alleged in the answer, not contested on appeal.

The answer denies that the plaintiff is the owner and entitled to the possession of the note.

The theft and forgery alleged by the plaintiff is also denied. Defendant alleges: That the note belongs to him, and that he is entitled to keep it; that he acquired it from E. A. Givens, plaintiff's brother, and has paid it to said E. A. Givens; that the payment made by him to E. A. Givens extinguished the note; that the indorsement which it bears is plaintiff's genuine indorsement; that the sequestration was illegal for the reason that plaintiff had possession of the note at the time it was seized. He alleges damages to the extent of $110 resulting from the seizure.

He prays that the sequestration be dissolved, that plaintiff's demand be rejected, that he be recognized as the owner of the note and entitled to keep it, and for judgment in reconvention against the plaintiff for $110, and for general and equitable relief.

The case was by consent on June 24, 1931, fixed for trial to be had on July 8, 1931, but when the case was called for trial, defendant, by his attorneys, Messrs. Claiborne & Claiborne and Arthur J. Shepard, Jr., moved for a continuance on grounds which will be entered into later.

The court overruled the motion to continue, upon which Messrs. Claiborne & Claiborne and Arthur J. Shepard, Jr., withdrew from the case as attorneys for the defendant and had their names as such stricken from the record. Defendant thereupon informed the court that he desired to employ counsel, and if given opportunity would do so, and accordingly employed Albin Provosty as his attorney.

Albin Provosty appeared on the same day as counsel for the defendant, and through him defendant again moved for a continuance, which was again refused.

The case was then tried, and after the testimony had been transcribed, but before it had been filed, defendant through his new counsel moved to reopen the case. This last motion was likewise refused, and the court, acting on the case, rendered judgment in favor of the plaintiff as prayed for.

The defendant has appealed. The main controversy between the parties has to do with the continuances moved for in behalf of the defendant, the rulings refusing the same, and the judgment sustaining the sequestration. We will take up these motions in the order in which they were filed.

Defendant's answer contains the allegation: "And appearer further avers that the endorsement on said note herein seized bears the genuine signature of the plaintiff herein and appearer viewed the endorsement of said note before payment and negotiation and knows the same to bear the genuine signature of plaintiff. Your appearer having had occasion to see the plaintiff herein write his signature on several occasions and has cashed checks for plaintiff and his said signature as endorsed on said note is the same signature as is in a memorandum now in possession of the plaintiff, which memorandum book or ledger contains the signature of plaintiff herein and can easily be identified and verified by said book," etc.

But in his motion for continuance he avers: That a continuance is necessary in the interest of justice because of the absence of E. A. Givens; that E. A. Givens is a resident of San Antonio, Tex.; that he has not been subpœnaed and his testimony has not been taken by commission, for the reason that he had promised faithfully to be present and give his testimony on the trial of the case, but had disappointed defendant in that respect and was not present; that defendant could prove said facts, meaning the genuineness of said indorsement by said E. A. Givens, and could not prove said facts by any other witness, and that the absence of said E. A. Givens was not foreseen by him; that if the continuance is granted, he is certain to have said witness present, even should it become necessary for defendant to go to Texas, where he is informed the said witness is now to be found, to interview him personally and obtain his consent and promise to be present; that a continuance should be granted herein which would allow to appearer sufficient time to take the depositions of the said absent witness in case it should prove impossible to compel his presence in this court to testify, said

witness being as aforesaid a nonresident of the state of Louisiana.

The averment in the motion for continuance, that the indorsement of E. C. Givens could not be proved by any witness except E. A. Givens is refuted by H. D. Kuhlman in his answer under oath, that he could prove it by himself and by comparison, as provided by the Civ. Code, art. 2245 and Code Prac. art. 325.

When a plaintiff denies his signature, it may be proved against him in the same way in which it may be proved against a defendant. Smith v. Union Sawmill Co., 120 La. 599, 600, 45 So. 519.

Consequently the motion, in praying for time in which to take the testimony of E. A. Givens, only asks for an opportunity to take testimony that would be cumulative and merely add to that which the defendant himself could give and to that which could be established by comparison, as alleged in defendant's answer.

The motion avers that E. A. Givens had promised to be present at the trial and to give his testimony; but it is further averred that it may be necessary for defendant to go to Texas and interview E. A. Givens and obtain his consent and promise to be present, and then that his testimony will be taken by commission in case it should prove impossible to compel his presence. It seems to be a proper inference from defendant's averments in his motion that no effort will be made to take the testimony of E. A. Givens by commission until it is found impossible to compel him to attend; hence if the motion had been granted, it is uncertain whether his testimony would have been taken or not.

It is true the motion further avers that defendant addressed a communication to E. A. Givens advising him of the time of trial, etc., and that the communication failed to reach him because of his absence from his domicile and his whereabouts unknown to appearer, and could not be ascertained in spite of repeated and energetic efforts to do so. We take into account of course that no testimony was offered in support of these averments.

Referring to witnesses within reach of the process of the court, Corpus Juris, vol. 13, Subject, Continuance, par. 79, has this to say: "Reliance on promise to attend.—Unless the circumstances are exceptional a party has no legal right to rely on the promise of a witness to attend the trial without subpœnaing him in advance, and if he acts on such promise he does so at his own peril and can not claim a continuance if the witness disappoints him when the case is called for trial."

The same is true if the witness resides in another state. If a party relies on his promise to attend, he does so at his own peril; he should take the testimony of such a witness by commission and not depend on his promise to attend. And no effort was made by defendant to take the testimony of E. A. Givens by commission.

■ The district judge filed reasons for overruling this motion.

For the reasons stated, and for others which will be later stated more at length, the ruling meets with our approval.

As soon as Mr. Albin Provosty appeared, his first act in behalf of defendant was to again move for a continuance.

In this motion in which defendant appeared through Mr. Albin Provosty, he states to the court that when the case was called on July 8, 1931, at 10 o'clock a. m., his attorneys Messrs. Claiborne, etc., moved for a continuance, which being refused they withdrew from the case; that he then employed Mr. Provosty; and that the case is a complicated one, requiring study and preparation. He prayed the court to continue the case for such time as would enable his attorney to confer with defendant and consult with the witnesses, familiarize himself with the case and take the depositions or procure the presence of a certain witness on whose testimony is based the whole defense of mover in this case.

Defendant was entitled to the time necessary to enable his new attorney to confer with him, to consult with the witnesses present, and to familiarize himself with the case. And the lower court says in effect that he did grant time for that purpose. This was stated by the court in his written reasons for overruling the first or Claiborne motion.

■ We copy from the reasons of the court as follows: "While the court refuses to grant a continuance, the court will of course take a recess for any reasonable length of time to allow counsel Provosty to examine the record and to confer with the defendant and also to confer with the witnesses both for the plaintiff and defendant." We assume from this language of the court that sufficient time was granted defendant to enable Mr. Provosty to confer with defendant and the witnesses, and to familiarize himself with the record.

In the absence of a motion for new trial as is provided for by the Code of Practice, art. 557 et seq., supported by proof, we cannot hold against the statement of the court, above mentioned, that Mr. Provosty did not have time to confer with defendant and the witnesses present and to familiarize himself with the record, but assume that the statement of the court is correct.

■ The continuance prayed for, "to take the depositions or procure the presence of a certain witness on whose testimony is based the whole defense of the mover in this case," evidently refers to E. A. Givens. It is the

same ground that had been urged in the first motion. This motion does not allege any newly discovered evidence nor plead any matter of surprise or the happening of any unforeseen event, that any witness summoned was not present, nor commission issued to take testimony, not returned; therefore there was no more reason for granting this motion than the previous one. The trial commenced on July 8, 1931, and was finished the next day.

On August 6, 1931, defendant, through Mr. Albin Provosty, appeared and filed a motion to reopen the case. which begins by saying: "The note of evidence in this case, though complete, has not yet been filed and petitioner is desirous of having the case re-opened for the introduction of the testimony of E. A. Givens on behalf of the defendant and such additional admissible evidence on behalf of the defendant as he may see fit to introduce." He then reviews his two previous motions, saying, in substance and effect, that he filed a motion asking for a continuance of the case in order that he might have time to prepare himself to properly defend it; that the court ordered a recess for the purpose, but denied a continuance; and that the time allowed by the court was entirely too brief to enable mover to do more than to read the pleadings and briefly confer with defendant.

That after the testimony of all the witnesses present had been taken, your mover stated to the court, that if he should succeed in locating said witness, E. A. Givens, and be able to secure his presence without delaying the decision of the case, he would request the court to reopen the case so as to admit his testimony. He then represents that he has succeeded in locating said witness, E. A. Givens, and can secure his presence on any day that the court should designate should the court consent to re-open the case. That by the testimony of said witness your mover expects to prove that said witness E. A. Givens, did not forge the indorsement of plaintiff to the note involved in the suit, or to the other notes of the same series, which were discounted by defendant, but that said notes were indorsed by the plaintiff himself, to prove further that said witness, E. A. Givens, owned said notes, either in part or in their entirety, and consequently did not steal them as charged by plaintiff, but had a legal right to their possession and to dispose of them in whole or in part. Also that the alleged settlement of account between himself and the plaintiff did not take place.

No proof was tendered in support of this motion. The grounds advanced for the re-opening are practically the same which had been advanced and acted on in the two motions for a continuance.

Mr. Albin Provosty departed this life on July 29, 1932, while the appeal was pending in this court. When the case was called at our previous term, Mr. Ledoux R. Provosty appeared in behalf of the defendant and appellant, and the case was continued at his request until our fall term, in order that he might have more time in which to examine it.

The Code of Practice, art. 464, provides that "when a cause is called, the party who has not been able to procure the necessary evidence shall be entitled to a continuance, on proving either that he has not sufficient time to get his proof or has been prevented from doing so by some unforeseen cause."

Article 468 confers on the court discretionary power to grant a continuance when in the mind of the court there exists apparent cause for same.

Article 436 provides for taking the testimony of witnesses residing out of the state; contemplates that due diligence should be used in petitioning for and in the effort made to procure their testimony.

Defendant does not depend on his first motion, but on the two filed in his behalf by Mr. Albin Provosty. His brief contains the statement:

"That this court is not concerned with whether the district judge erred or not in overruling the motion for a continuance made by Hon. F. C. Claiborne before he withdrew from the case, but is concerned with these two questions, viz.:

"1. Did the motion for a continuance filed by Mr. Albin Provosty immediately when employed by defendant set forth a good ground for a continuance and did the district judge abuse his discretion in overruling this motion?

"2. Did the district judge abuse his discretion in overruling the defendant's motion to re-open the case for the reason therein set forth and when notice of intention to file this motion was made before evidence adduced and when said motion was filed prior to argument of the case and to filing the testimony?"

Defendant's position on that subject is in our opinion erroneous.

The grounds urged in his first motion, in which he was represented by Messrs. Claiborne & Claiborne and Arthur J. Shepard, Jr., cannot, under the facts and circumstances, be left out of view in acting on his motion, filed later, but same day in which he was represented by Mr. Albin Provosty, and if the first was properly overruled, then the new employment did not create any new right in that respect, except that he became entitled to the necessary time in which to confer with his new attorney concerning the facts of the case and time for his new attorney to consult with the witnesses present, and to familiarize himself with the record; but not for time to take the depositions of a witness in Texas. The motion prepared by Messrs. Claiborne & Claiborne and Arthur J. Shepard, Jr., had no

other object than to delay the case indefinitely until he could interview E. A. Givens in Texas and decide whether to depend on his promise to attend the court at New Roads and give his testimony in the case, or to take his depositions by commission, if found desirable; and his next motion, filed later the same day, had for its object the same purpose as his first motion, and, as heretofore stated, no proof was offered in support of either motion.

More than two years elapsed between the time the answer was filed and the day on which the case was fixed for trial by consent, and during which time defendant had ample opportunity to interview E. A. Givens and take his testimony by commission, if he had considered his testimony, or any other testimony beyond the process of the court, desirable in his defense or in support of the charges which he makes in his answer. If he did not have the right to a continuance when he filed his first motion, the same ground could not spring into a right, simply as the result of the withdrawal of his old and the employment of new counsel, save to the extent stated.

Defendant referring to the motion filed by Mr. Albin Provosty immediately after he was employed in the case, makes the statement: "That the note was not due nor exigible until 1936," and quotes Corpus Juris, vol. 13, Subject, Continuance, par. 26, in which it is said: "The law is clear that when leading counsel in a case is unable to appear because of sickness, or when he withdraws from the case shortly before or on the day of trial, and when the litigant is consequently forced to employ new counsel, that a motion for continuance by the new counsel, based on want of preparation is good ground for a continuance. The denial of such a motion by the trial court is an abuse of discretion and reversible error."

But paragraph 26 must be read in connection with the preceding paragraph 25, which says: "A general application based on this ground will be refused, especially where the want of preparation is coupled with inexcusable ignorance or negligence on the part of the party seeking relief."

The rule is stated to be the other way; in Ruling Case Law, vol. 6, Subject, Continuance, § 7, from which we quote as follows: "As respects the withdrawal of counsel from a cause, as a ground for continuance, it is generally recognized that such a withdrawal, though unexpected and occurring on the eve of the time set for trial, does not necessarily entitle a party to a continuance, since otherwise, if a cause had to be continued, every time an attorney withdrew, there would be no end to the matter." We give our approval to the Ruling Case Law authority.

From the same author, vol. 2, Subject, Attorneys, § 41: "It is the general rule that an attorney acting within the scope of his authority represents his client and his acts of omission as well as of commission are to be regarded as the acts of the person he represents and therefore his neglect is equivalent to the neglect of the client himself." "Applications [for continuances] must be left to, and controlled by, the sound discretion of the trial judge, whose ruling will not be disturbed on appeal unless manifestly erroneous or glaringly unjust." Cameron v. Lane, 36 La. Ann. 716. And there are numerous decisions of the Supreme Court to the same effect.

Defendant cites us to the case R. R. Co. v. Scott, Sheriff, 47 La. Ann. 706, 17 So. 249, and to a number of other decisions of the Supreme Court holding that in case of sickness of his counsel or other unforeseen event a party is entitled to a continuance on the eve of the trial. The rule recognized in these decisions is the law Code Practice, art. 464, heretofore cited; but the rule for the reasons heretofore stated would be misapplied in this case.

The motion to reopen the case, in order to introduce the evidence that served as the basis for the motions for continuance which had been refused, addressed itself to the discretion of the trial judge. No proof was tendered in support of the motion. Under the circumstances we do not find that the trial court in refusing to reopen the case abused the discretion vested in the court on the subject.

For these reasons the rulings of the court refusing the continuances prayed for and refusing to reopen the case will not be interfered with.

Defendant contends that the ruling of the court sustaining the sequestration is erroneous, on the ground that the plaintiff had possession of the note at the time in question. The record shows that the plaintiff had physical possession of the note at the time he applied for the writ, but it was pursuant to a written agreement entered into with the defendant. Defendant had the note and consented to let plaintiff have it for a time in order that he could examine the purported indorsement; the plaintiff guaranteeing its return to defendant by leaving with the defendant another note of his of greater value than the note in question.

The plaintiff, accompanied by the sheriff, returned the note in question to the defendant, and it was immediately thereafter seized by the sheriff. The evidence justifies the conclusion, that if the note which is the subject of the present controversy had not been seized in defendant's hands and when done, it would have been sent beyond the jurisdiction of the court.

The defendant does not discuss the merits of the case in his brief.

We have examined the record on that subject and find that under the evidence received, the indorsement, which the note purports to bear, was forged, and that it was therefore not negotiable; that plaintiff is the owner of the same and it should be restored to him.

The note in question is No. 8 of the same series involved in the suit entitled Givens v. Joseph, 13 La. App. 175, 124 So. 776.

The judgment appealed from is correct.

Judgment affirmed. Defendant and appellant to pay the cost in both courts.