This is a suit on a note for $475, signed by the defendant, dated October 5, 1939, with interest and attorneys fees, subject to a credit of $15 paid on November 26, 1939, and $15 paid on December 8, 1941.
The answer of defendant states that "he is illiterate and unable to sign his name; that several years ago he was presented with a note by plaintiff and that he affixed his mark to said note; that your defendant specially denies that there was any consideration for the execution of the said note."
The suit was filed in February, 1943, and the answer was filed a few days later, but no further action was taken until April 11, 1945, when, by consent, the case was fixed for trial on May 14, 1945. On May 3, *Page 393 
1945, counsel for defendant had a summons issue for Miss Evelyn Arceneaux, but the summons was not served for the reason that the witness resided in Algiers. On May 12, 1945, two days before the case was to be tried, counsel for defendant obtained an order for a subpoena duces tecum, commanding plaintiff to produce in open court on the day of trial his books, journals, etc., for the calendar years which he claims that defendant bought goods and merchandise from plaintiff and which plaintiff claims formed the basis for the consideration of said note; also, certain financial statements issued by plaintiff in connection with his business; copies of his application for a moratorium, together with a list of his assets filed therewith, and copies of his application for a cession of property, together with a list of his assets.
On the day the case was assigned for trial, plaintiff filed a return to this subpoena, and excepted to the order on the ground that the documents which he was required to produce were irrelevant and immaterial to the case and were not in his possession, other than his store ledgers showing the account of defendant, which ledges were produced. The minutes show that the trial court sustained the exception, thereby relieving plaintiff from producing any of the documents mentioned in the subpoena duces tecum, other than the ledgers which were produced. Counsel for defendant thereupon filed a motion for a continuance of the case, setting out that he had summond the witness Arceneaux, and she could not be served for the reason that she did not reside in the parish; that he informed plaintiff's counsel of the necessity of taking her testimony de belle esse; that in the meantime, he determined on the issuance of the subpoena duces tecum for certain books and documents in the possession of the plaintiff which he believed would establish the defense set up by the defendant and which he expected to prove by the absent witness, but that the books which were produced by plaintiff under said subpoena do not show any indebtedness created by defendant subsequent to the years 1917, 1918 and 1919; "that your mover intends to prove by the said absent witness that she was employed by plaintiff for several years between the period of 1928 and 1939; that during said period of time the witness was acquainted with all accounts due and owing to plaintiff and was familiar with all promissory notes held by plaintiff.
"That at no time during her period of employment with plaintiff did she ever see a note of Avie Living prior to the time she witnessed the said note herein sued on, dated Oct. 5th, 1939; that the said note, 'Exhibit A,' is entirely in the handwriting of the plaintiff, except her signature thereto; that the said Gilbert J. Borel did not in her presence, or did anyone else in her presence, explain to the said Avie Living that the said note was for the sum of Four hundred seventy-five and no/100 ($475.00) Dollars."
The trial judge overruled the motion for a continuance, and the case proceeded to trial, which resulted in a judgment in favor of plaintiff as prayed for. Defendant has appealed.
Defendant reurges in this court the motion for a continuance, asking that the case be remanded to enable him to take the testimony of the witness Arceneaux. Defendant also insists that the trial judge was in error in refusing to require the plaintiff to produce all the documents described in the subpoena duces tecum.
[1, 2] The granting of a continuance on account of the absence of a material witness is left largely to the discretion of the trial court. We do not think the trial judge abused his discretion in refusing to grant a continuance in this case for at least two reasons. In the first place, defendant has not shown proper diligence in securing the testimony of the absent witness. The case was put at issue more than two years before it was tried, and it was assigned for trial more than a month before the motion for a continuance was filed on account of the absent witness. Moreover, the record indicates that immediately after the summons was issued on May 3, 1945, defendant's counsel was informed of the inability of the sheriff to summons the witness on account of her absence from the parish. No further effort was made to obtain her testimony before the date set for *Page 394 
the trial, notwithstanding some ten days elapsed between the time defendant's counsel received this information and the date of the trial. See Givens v. Kuhlman, La. App., 145 So. 550.
[3] In the second place, the record does not show that the testimony of the absent witness was material and important in support of the defense set up by the defendant. The defendant admitted signing the note sued on and made a special plea of want of consideration. Conceding that the absent witness could and would have testified as indicated in the motion for the continuance, her testimony could have had very little weight in support of this special defense.
[4] Neither do we believe that the trial judge was in error in refusing to require the plaintiff to produce all the documents described in the subpoena duces tecum. It is argued by defendant's counsel that he expected to prove by these documents that the plaintiff did not list as part of his assets any note or account due him by defendant at the time he made an application for a moratorium and a cession of property. In the first place, the plaintiff alleged in his return to the subpoena that these documents were not in his possession, and no showing is made by defendant to the effect that plaintiff could produce these documents. And in the second place, if such documents are in existence, they are public records and are available to the defendant. Moreover, defendant admits signing the note, and whether plaintiff listed this note as part of his assets would not support a defense of want of consideration, or at least have very little bearing on such a defense.
The defendant bought merchandise from plaintiff during the years 1917, 1918 and 1919. The ledgers of plaintiff for these years show that at the close of 1917 defendant owed plaintiff a balance on his account of $215.85. According to plaintiff's testimony and the notation in the ledger for that year, this balance on the open account was closed out by a note. A new account was begun for 1918 and this account shows a balance of $200.35. Plaintiff testified that the defendant closed out both of these balances by a note for something over four hundred dollars when he closed his books around the year 1919; that the defendant renewed this note four or five times, making small payments from time to time, the note herein sued on being the last renewal note. This note which is dated in October, 1939, shows on its back two credits of $15 each, one on November 26, 1939, and the other on December 8, 1941. Plaintiff testified that whenever plaintiff would make a payment, he would place it on the back of the note, and when the note was renewed by a new note the old note was returned to the defendant.
[5, 6] The defendant admits that he owed a balance of some seventy dollars on his open account when it was closed out and that he signed a note for this balance some time before plaintiff's store burned in 1926. He claims that he paid this note, making the last payment of $15 in 1928 about the time he got one of his boys out of jail. It is significant to note that in his answer, defendant states that he signed a note several years ago, but there was no consideration for the note, and then in his testimony, he admits that he signed a note for about $70 to cover the balance of his account and claims to have paid that note. The fact remains that he admits in his pleading that he signed the note herein sued on and the burden is on him to show that there was no consideration for the note. We think the trial judge was correct in holding, as he must have held, that defendant had failed to prove his special defense.
The defendant's testimony is not corroborated by any other evidence, and the circumstances support the contention of the plaintiff rather than that of the defendant. There is nothing to cast such doubt and suspicion on the reality of the consideration of the note as to place the burden on plaintiff of showing a valid consideration. Even if such was the situation, plaintiff has shown that the note sued on was given as a renewal note to several other notes running back to the original note given to close out the store account of defendant.
[7] A point is made by counsel for defendant in the alternative that the account *Page 395 
in the ledgers shows that plaintiff charged 10% on the balance due on the open account at the end of each year. Plaintiff did add 10%, but he testified that this percentage was added on account of the extension of credit over the cash price, and that this credit charge was explained to defendant and to all his customers. This was not a charge of interest on an amount due, but was the difference in the cash and the credit price of goods sold the defendant.
Finding no error in the judgment appealed from, the same is hereby affirmed at defendant's costs in both courts.