MARRERO et al. *v.* NUNEZ et al.

A continuance should be granted where, from unforseen illness, the only counsel of a party is unable to attend at the trial, and the case is a complicated one, and his clients are absent, residing at a distance from the place of trial, and there is no reason to believe that the application for a continuance was made for delay. The fact that a case had been long pending, will not authorise the refusal of a continuance, where the delay does not appear to be imputable to the party applying for it.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *D. Seghers*, for the appellants, contended that the case should have been continued below, and that it cannot now be tried upon its merits, citing *Barry* v. *Louisiana Insurance Co.*, 12 Mart. 484; *Patin* v. *Poydras*, 5 Mart. N. S. 639. *Preston*, for the defendants. The judgment of the court was pronounced by

KING, J. On the day fixed for the trial of this cause, in the court below, an application was made for a continuance, on the ground that *Dominique Seghers*, the only counsel for the plaintiffs, was unable, from indisposition, to be present at the trial. The application was supported by the affidavit of *Julien Seghers*, who deposed, that his father, *D. Seghers*, had attended the trial of a cause, for several hours, on the saturday previous, although at the time indisposed; that, on the following day, his indisposition increased, and had since become so serious as to prevent him from leaving his house; that he was the only counsel of the plaintiffs, who were in the parish of St. Benard, twenty or thirty miles distant; that they were two poor to employ other counsel; and that the suit was intricate, and could not be safely tried by other counsel, without a great deal of explanation. The application was overruled on the ground, that the cause had been too long pending to grant the continuance; a bill of exceptions was taken to the opinion of the judge. The trial proceeded in the absence of the counsel of the plaintiffs, and a judgment was rendered in favor of the defendants. The plaintiffs have appealed. It is contended, on the part of the defendants, that the counsel of the plaintiffs has become so infirm, from advanced years, that his clients could not reasonably have calculated upon his trying their cause; that this is so notorious, that it should have induced them to employ other counsel; that, in view of this fact, which was known to the judge, and of the long pendency of the suit, a sound discretion was exercised in refusing the continuance.

The record does not disclose the fact, that the infirmities of the plaintiffs' counsel prevented him from attending to his professional business generally, nor that they had become so notorious as to warn the plaintiffs of the necessity for employing other counsel. It appears, on the contrary, that but a few days previously he had tried a cause, the investigation and argument of which occupied many hours. Besides, the judge has not based his refusal on the ground of the known infirmities of the attorney of the plaintiffs: but of the long standing of the suit. The facts of this case present a much stronger claim for a continuance, than those in the case of *Patin* v. *Poydras*, 5 Mart., N. S. 639. Indeed, more urgent grounds could not well be presented, than the inability, from unforeseen illness, of the only counsel of the parties, to try a complicated cause

of which he had had the sole management for many years, his clients being absent on the day of trial, and, if present, too poor to employ other connsel. The previous delays which have caused the suit to linger on the docket, do not appear to be imputable to the attorney of the plaintiffs ; nor does any fact disclosed by the record, create a suspicion that more delay was the object of the application. In our opinion, the judge erred in refusing a continuance ; and justice requires that the case be remanded for a new trial.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that the case be remanded to be proceeded with according to law. The appellees paying the costs of this appeal.