## No. 8934.

### The State ex rel. Baumgarden et al. vs. The Judge, etc.

A mandamus does not lie to compel a District Judge to issue a writ of possession on an *ex parte* application, where opposition is apprehended, where the judgment on which the application is founded does not justify the demand, and where part of the property is under the control of independent judicial authority.

## No. 7954.

### U. Bourg vs. D. A. Given & Son.

This case involves only questions of fact.

## No. 8824.

### Mrs. C. H. Gibson vs. B. F. Hitchcock et al.

Where an appeal is taken by a wife, whose husband is not a party to the suit, and is unrepresented by counsel of record, the signature of the bond of appeal, by the attorney of the wife in the name of the husband, is not sufficient evidence of the latter's authorization to maintain the appeal, which must therefore be dismissed.

## No. 8059.

### E. W. Burbank vs. J. H. Oglesby.

A commercial partner cannot sue upon a particular item of the partnership business, but must provoke a settlement of the entire partnership and sue for the balance on account. Prescription therefore does not commence to run, until the dissolution of the firm.

All matters that are fairly chargeable to the partnership, and that were undertaken for its account, will be so held and charged, and the acquiescence in and non-complaint of them during the existence of the partnership, will be considered as corroborating proof, that both partners so understood them.

## No. 8709.

### New Orleans vs. F. A. Blanks et al.

This case involves only an issue of fact.

## No. 8701.

### A. Weber vs. Brooks, Norton & Conners.

This case involves only an issue of fact.

## No. 8689.

### R. E. Rivers vs. A. Hero, Jr.

Parol evidence admissible to show that certain movable property was not included in the sale of a plantation.

151