## No. 11,694.

## VICKSBURG, SHREVEPORT & PACIFIC RAILROAD COMPANY VS. LEM SCOTT, SHERIFF AND TAX COLLECTOR, ET AL.

This court has jurisdiction *ratione materiæ* to try a case involving the constitutionality and legality of a local assessment for levee purposes, though the amount involved is less than two thousand dollars.

A judgment of non-suit is appealable as a final judgment.

Physical inability to be present and manage the trial of a cause is good ground for continuance; and same being refused, and the suit of plaintiff being dismissed, it is good reason why the cause should be reinstated for trial.

APPEAL from the Sixth Judicial District Court for the Parish of Richland. *Ellis, J.*

---

*Frank P. Stubbs* for Plaintiffs, Appellants.

---

*Robert Whetstone* for Defendants, Appellees.

Argued and submitted March 25, 1895.
Decided April 8, 1895.

MOTION TO DISMISS APPEAL.

The opinion of the court was delivered by

WATKINS, J.  The motion to dismiss is placed on the grounds: 1, that this court is without jurisdiction *ratione materiæ* because the amount involved is less than two thousand dollars; 2, because, under Art. 536 of the Code of Practice " a judgment dismissing plaintiff's demands " is not an appealable judgment; 3,  because the judgment appealed from is one of non-suit as to the principal cause of action, and one adjudging the plaintiff to pay to the d fendant seventy-five dollars on his reconventional demand.

(1)  Looking to the plaintiffs' petition we find it to be an opposi - tion to a proceeding by seizure and sale coupled with an injunction restraining sale of  its road-bed and twenty-six and one-tenth miles of its track, for the purpose of collecting the sum of one thousand seven hundred and seventy-two dollars, as the total amount of a certain alleged forced contribution—by the petition denominated a " tax "—which was levied under Act 103 of 1892, for the year 1893.

The averment of the petition is that said tax  or contribution was not legally assessed by the Tensas Basin Levee Board, by whom said proceedings were originated and  directed.

Petitioner alleges that said legislative act, and the acts preceding it, upon the same subject, are illegal, unconstitutional, null and void, in that it discriminates against individual objects of taxation in the same class, and compels a contribution from *some* railroads double the amount that is required from others.  Further, in that they violate the provisions of Art. 209 of the Constitution in providing for exactions of contributions on real estate not subject to inunda- tion.  "That if the assessment sought (to be enforced) is not justi- fied or supported by benefits actually or presumptively received by the property subjected to it, that said contribution manifestly ex- ceeds any possible benefit that may be conferred by said board."

He further alleges that Act 103 of 1892, Act 59 of 1886 and Act No. 26 of 1884—all on the same subject—"; are unconstitutional, null and void, as violative of Arts. 6, 48, 156, 203, 209 and 214 of the Con- stitution of the State of Louisiana "—in the particulars above recited *inter alios.*

The jurisdiction of this court is full and complete.

The purport of our opinion in State *ex rel*. Hill vs. Judges of the Court of Appeals, 46 An. 1292, was that, notwithstanding forced contributions for levee purposes are treated as local assessments not subject to the rule of constitutional uniformity applicable to general taxation, they are taxes under Art. 81 of the Constitution conferring on this court appellate jurisdiction in all cases involving the constitutionality or legality of any tax, impost or duty whatsoever.

· (2) It has been frequently decided that a judgment of *non-suit* is an appealable judgment in the sense of Art. 565 of the Code of Practice.

It declares that " one may appeal from all final judgments," etc.

In State *ex rel*. Ikerd vs. Judge, 35 An. 212, we said:

" The judgment sustaining an exception and dismissing the petition and prayer is not an interlocutory order. It is a judgment which has the character of finality, as it severs and dismisses from the action a part of the demand. Whether, under that judgment, the plaintiff in the suit be debarred from bringing or not a new suit, it is unnecessary to determine. It is enough that the judgment be a final judgment to entitle the relator to an appeal." Code of Practice, 536, does not relate to an appeal, but appertains to the *rendition* of judgments by default.

In Davls vs. Young, 35 An. 740, a similar motion was made to dismiss an appeal, but it was refused by the court in these words, viz:

" The motion to dismiss can not prevail.

" The appeal is from a judgment of non-suit, which disposes of the case, and is such as can be appealed from."

This court has no jurisdiction of the judgment for seventy-four dollars rendered in favor of defendant on his reconventional demand, because the amount claimed in the demand in his answer is only three hundred dollars—an amount far below the lower limit of our jurisdiction.

Consequently defendants and appellees' motion will prevail as to the judgment on his demand in reconvention; but in respect to the principal demand it must be overruled.

## ON THE MERITS.

It appears from the record that this cause was set down on the 13th of September, 1894, for trial on the following day, the 14th of

said month, defendants' answer having been filed on the 12th of that month. That on the 14th, the day set for the trial, the suit was dismissed at plaintiff's cost, both the plaintiff and his counsel having been previously called at the court house door and failed to appear or answer.

Subsequently, plaintiff, represented by counsel, approved and filed a motion in writing, praying that the cause be reinstated and continued, because:

1. The case was set for trial without any notice to plaintiff or his attorney and out of its regular order.

2. That it was absolutely impossible for his attorney to be present on the 14th of September, owing to his physical inability, and these facts were made known to the defendants' counsel *previous* to the trial and communicated to the court. Also,

3. That on account of its counsel's physical inability to attend court, the case and counsel were called, and at the request of defendants' counsel the case was dismissed, and hence the judgment rendered was and is contrary to law.

This motion was fixed for trial.

The testimony of one witness is to the effect that Mr. F. B. Stubbs, the principal counsel for the plaintiff, was sick at the time. His statement is:

"Mr. Stubbs, I know, has been sick from a day prior to his trip to Virginia until now. He has rheumatism, or some kindred disease, which seems to be very painful to him, and he has fixed several dates for leaving for Hot Springs, but has been prevented from leaving until this morning. Any other person in his condition would have gone long ago. I am not employed by the railroad company in its general litigation, and am under no obligation to look after its general business of this character."

This witness was Mr. Russell, of the law firm of Stubbs & Russell. He further says:

"It is by arrangement with Mr. Stubbs that (he) attended to matters outside the line of (his) special employment. This case does not belong to a matter of professional business in which (he) is employed to act by the plaintiff."

On this and other testimony the judge *a quo* tried the motion and overruled it; and to his ruling plaintiff reserved a bill of exceptions.

In our opinion the record shows that the plaintiff is entitled to

relief, as it is evident that its counsel was physically unable to attend and conduct the trial of the cause, at the time it was set down for trial.

What we have premised in our views on the motion to dismiss, with regard to the character of the controversy, clearly evidences the importance of the controversy, demanding care and skill in its management. And the company was entitled to the best efforts of its counsel in the prosecution of their suit, and his sickness was ample warrant for its continuance for the term.

In Patin vs. Poydras, 5 N. S. 639, an appeal was presented upon a single bill of exceptions taken by the plaintiff to th ; refusal of the judge *a quo* " to continue the case in consequence of the indisposition of (his) counsel "—an affidavit setting forth the facts having been tendered and refused.

The court say:

" We are of opinion that the court erred in refusing the continuance. It appears that the counsel who had the principal charge of the case, and on whom plaintiff placed his greatest reliance, was unable to attend from illness. This was a good reason for postponing the trial. The contrary doctrine would lead to intolerable hardships."

The judgment appealed from was reversed and the cause remanded.

To the same effect are the following decisions, viz.: Barry vs. Louisiana Insurance Company, 12 M. 484; Baillio vs. Wilson, 6 N. S. 835; Marrero vs. Nunez, 3 An. 54.

On the law and evidence, our conclusion is that the judgment appealed from should be annulled and reversed, and the cause remanded and reinstated for trial.

It is therefore ordered and decreed that the judgment appealed from be annulled and reversed; and it is further ordered and decreed that the cause be remanded and reinstated for trial, and that the defendant and appellee be taxed with the cost of appeal.