**CARDINO v. SCROGGINS.**

**No. 5615.**

Court of Appeal. of Louisiana.
Second Circuit.

June 1, 1938.

Rehearing Denied June 30, 1938.

Writ of Certiorari and Review Denied
Aug. 31, 1938.

Arthur C. Watson, of Natchitoches, for appellant.

John G. Gibbs, of Natchitoches, for appellee.

TALIAFERRO, Judge.

Plaintiff and defendant entered into a written contract whereby the former leased unto the latter thirty-three acres of cultivatable land in the Parish of Natchitoches for the years 1934, 1935 and 1936. The annual rental was fixed at the "amount of 1500 pounds of lint cotton without ginning or bagging charges". The stipulated quantity of cotton was timely delivered to plaintiff for the years 1934 and 1935. Defendant refused to repeat the delivery for 1936, and this suit followed.

Plaintiff seeks judgment for the amount of cotton due for the year 1936, or for its market value. A writ of provisional seizure was sued out and thereunder some cotton, corn and other movable property were seized.

Defendant denies that he is under any obligation to deliver the rental cotton sued for, as originally agreed. He avers that he bought cotton certificates in the sum of $120 (as required by the Act of Congress of April 21, 1934, 48 Stat. 598, generally

known as the Bankhead Act) and placed same on the 3,000 pounds of cotton delivered to plaintiff under the lease contract, which amount, he contends, is chargeable to plaintiff, and which should be credited against the 1936 rent cotton. In the alternative, should it be held that said rent cotton is not chargeable with the amount of said certificates, he prays for judgment for said amount in reconvention. He further avers that on August 13, 1936, plaintiff instituted a suit against him in the Justice of the Peace Court of Ward Nine, Natchitoches Parish, wherein the cause of action and the demand were identical with those of the present suit; that he employed counsel in that case who procured its dismissal for lack of the court's jurisdiction ratione materiæ; that the services rendered him therein by said counsel were well worth $50. He also sues for this amount in reconvention.

A trial was had on these issues. Judgment was rendered in plaintiff's favor as prayed for. It is silent as to the $50 claimed by defendant in reconvention. This is equivalent to a rejection of that part of defendant's demand. It was further adjudged, "that the right of the defendant be reserved to sue for cotton tax paid by him during the years 1934 and 1935". This is the equivalent of a nonsuit.

■■ Plaintiff prosecutes appeal. He complains only of that part of the judgment which nonsuited defendant's demand for the amount of the cotton certificates; contending that there should have been judgment definitely rejecting same. He had the right to prosecute such an appeal. Vicksburg, S. & P. R. Co. v. Scott, 47 La. Ann. 706, 17 So. 249; State v. Judge, 35 La.Ann. 1201.

Appellee has filed a motion to dismiss the appeal, in support of which he alleges:

That he reconvened in his answer to the suit and sued for the amount paid by him for cotton certificates purchased for the cotton delivered to plaintiff as rent; that this demand was nonsuited, and that thereafter, to-wit, on November 8, 1937, he filed a new suit in the district court for Natchitoches Parish on this identical claim; remitting, however, that part of same in excess of $100. He argues that since plaintiff was awarded judgment for all he sued for, and that since he, defendant, has acquiesced in the judgment by proceeding anew to enforce his rights against plaintiff, there is now nothing before this court

for adjudication; that the question tendered by the appeal has become moot. He further avers that the new suit filed by him has been tried before and submitted to the Tenth Judicial District Court in and for the Parish of Natchitoches.

Appellant, in written answer to the motion to dismiss, challenges the right of appellee to have the appeal dismissed on the grounds assigned by him. He admits that Scroggins, appellee, has filed a new suit to recover the amount claimed for cotton certificates involved in the first suit, now before us. He aver that he filed a plea of lis pendens to said new suit, which was overruled by the district court; that thereupon the Supreme Court was applied to for writs of certiorari, etc., but that the application was refused on the ground that he had an adequate remedy by appeal. He additionally avers that the "attorney for Scroggins remitted fifty cents of his demand prior to trial of the second suit", for the obvious purpose of depriving him of a right of appeal from such judgment as the court might render therein. He iterates his right to have this court pass upon the correctness of the judgment of nonsuit above referred to.

Since the motion to dismiss was filed and answered, the District Court of Natchitoches Parish decided Scroggins' suit against Cardino, filed after this appeal was perfected. Judgment for $99.50 was given Scroggins. The Supreme Court was again asked to review the case under its supervisory powers as defendant therein was without right of appeal. 190 La. 53, 181 So. 810. This application was favorably acted upon, and after consideration of the case, the plea of lis pendens, formerly filed and urged, was sustained, the judgment involved annulled, and the suit dismissed. The court, after detailing the history of the case, inter alia, said [page 811]: "The rulings of this court cannot be defeated in any such fashion". This final action of the Supreme Court annihilates the basic foundation of the motion to dismiss. The motion is without merit, and is now denied.

■ Since plaintiff, appellant, only complains of the judgment of nonsuit of the reconventional demand, and appellee has not answered the appeal, the only question tendered here is whether the demand for the amount of cotton certificates should not have been rejected outright. We can perceive no good reason why this claim should

not have been definitely passed on below as the issue was fully gone into on trial and evidence adduced thereon by both sides.

█ Defendant's cotton production allotment, under the "Bankhead Act", for the year 1934 was 2,825 pounds. He produced and gathered 5,000 pounds; and for 1935 his allotment was 3,150 pounds. He produced and gathered 12,000 pounds. Excess production could only be removed from the gin and sold by paying a tax thereon of four cents per pound. The effect of his present contention is that the rent he was due plaintiff should be paid from the cotton subject to taxation, and he retain all that not subject thereto. This was not his original interpretation of the contract, and it is not ours. His present position appears to be the result of afterthought. The contract of lease was executed some six months before the "Bankhead Act" was passed by Congress, or else it would probably have been stipulated therein that the rent cotton would be delivered free of tax as was done about the expense of ginning and wrapping. It is clear from the language of the contract that the rent cotton was to be delivered to plaintiff, the lessor, "free" of any expense to him whatever. The 1,500 pounds of lint cotton which was to be "paid" or delivered annually for the use of the land, was in lieu of cash rent. If the rental had been fixed at, say, $150 per year, instead of cotton, surely the net amount would have been due to the lessor. The same rule and reason applies where cotton, and not cash money, is due the lessor.

If defendant had produced only 1,500 pounds of lint cotton for each of said years, all of it would have been due to plaintiff. If he had produced more than this quantity, but less than his allotments, plaintiff would have received no more than the contract called for; all of which productions would have been salable without tax. If he chose to produce more than his allotments, certainly the excess was exclusively his own and to market it he was bound to defray the necessary expense to do so.

For the reasons herein assigned, the judgment appealed from is amended by rejecting the reconventional demand for the amount of cotton tax certificates placed on rent cotton delivered to plaintiff in the years 1934 and 1935, and, as thus amended, said judgment is affirmed. All costs are assessed against defendant.