CHASEZ, Judge.
Charles W. Lambert and eighty-seven other plaintiffs named in the petition, instituted this suit for permanent injunction .and damages against Bunge Corporation, alleging that an excessive amount of dust was created by the operation of defendant’s grain elevator in Destrahan, Louisiana. The damage claim was dismissed and the suit became one solely for a permanent injunction. A trial on the merits was held between the plaintiffs and Bunge Corporation.
In a decree entered in the record on October 24, 1963, the court concluded that a nuisance existed and being of the opinion that Bunge Corporation was not responsible therefor, it ordered that the matter be held open so that plaintiffs could amend their petition and join indispensable parties under LSA-C.C.P. art. 646. The Court reserved to the defendant, Bunge Corporation, their exception of no right or cause of action until all indispensable parties were joined and had opportunity to traverse same. As a result of this order, plaintiffs by amended petition caused relator, Southern Stevedoring Company, Inc., to be made a party to the proceedings on the 2nd day of December, 1963.
After joinder of relator as a party defendant, the Court stated that it would not permit relator to introduce testimony other than that which would prove that relator was not responsible for the nuisance the Court had already decreed existed. Quoad relator, the Court ordered a trial on the merits to be held on August 11, 1964. On August 11, 1964, the Court rendered judgment which was signed on August 13, 1964, maintaining the exception of no cause of action filed by Bunge Corporation dismissing the suit of plaintiff against said defendant and issued a permanent injunction against relator, Southern Stevedoring Company, Inc. Relator applied for a suspen-sive appeal which was denied; however, a devolutive appeal was granted. This Court granted a writ of certiorari in order to review the proceedings in the District Court. The relator contends:
1. that it was constrained to go to trial when its trial counsel was physically incapable of representing it, being confined to the hospital on the date of trial as a result of serious operative procedure;
2. that it was compelled to go to trial (a) without issue being joined; (b) without being permitted to introduce evidence on its own behalf or to cross-examine its-adversaries; (c) without having the facility of the transcript of the evidence elicited on the trial on the merits between the original plaintiffs and defendant and (d) without all indispensable parties joined in the-action.
The Court a qua was in error when it ordered relator to trial after being-informed that its trial counsel was in the-hospital on the day of trial after undergoing operative procedure. This fact was- *209 directed to the attention of the Court by the production of proper medical certificates from Dr. Frederick F. Boyce and Dr. J. O. Weilbaecher, Jr., reputable physicians, setting forth the condition of relator’s counsel, Henry C. Vosbein. The cases are numerous in our jurisprudence that illness of principal counsel in the trial of a case is good and sound grounds for a continuance. See LSA-C.C.P. art. 1601. Smelser v. Williams, 10 Rob. 97 (1845); Succession of Muller 1 La.App. 402 (1925); Vicksburg, S. & P. Ry. Co. v. Scott, 47 La.Ann. 706, 17 So. 249 (1895); Marrero v. Nunez, 3 La.Ann. 54 (1848).
The judgment signed on August 13, 1964, of which relator complains was rendered on August 11, 1964. This judgment was entered without examining witnesses, taking testimony, making a note of evidence, introducing documents or without a prior entry of a default, although no answer was filed.
LSA-C.C.P. art. 646 states:
“When the failure to join an indispensable party is pleaded successfully in or noticed by a trial court, the latter may permit amendment of the petition so as to make him a party, and may reopen the case if it has been siibmitted and further evidence is necessary. When such failure is pleaded successfully in or noticed by an appellate court, the latter may remand the case for such amendment and further evidence.
“When the failure to join a necessary party is pleaded successfully, the court shall permit an amendment of the petition to join him.” (Emphasis ours.)
Article 646 allows the trial judge to join an indispensable party when he is not joined in lieu of dismissing the case; it also gives him discretion in receiving further testimony. Plowever, this discretion cannot be used in a manner that would deny a litigant his day in Court. It is too fundamental to require citation of authority that a valid judgment may not be rendered without a fair trial and a day in Court. The trial shall contemplate the compliance with law, the right to be confronted by witnesses, the right of the defendant to cross-examine adverse witnesses and to offer evidence on his behalf. This is a suit for a permanent injunction and is to be tried like any other law suit on the merits, the plaintiffs bearing the burden of proof by a preponderance of the evidence showing that they are entitled to a permanent injunction against the relator and relator being entitled to cross-examine all of the plaintiff’s witnesses and offer evidence in its own behalf before being cast. Since relator was deprived of these fundamental rights, the judgment rendered by the Court on August 11, 1964, and signed on August 13, 1964, shall be annulled and set aside in toto. See Chopin v. Freeman, 145 La. 972, 83 So. 210.
The relator contends that all ships which dock at the Bunge Corporation elevator wharf should be joined as indispensable parties defendant. The Court does not deem it necessary to state that it would be necessary to have any others designated as indispensable parties or as necessary parties to this action. As stated, the suit is one for an injunction to halt the commission of an alleged nuisance. The proper parties to pursue to prevent the commission of an injurious act are the parties that commit the acts. Boyle v. Streiffer, 65 So.2d 393 (La.App.1953).
From the pleadings and statements disclosed by the record presently before us it does not appear that the trial court erred in overruling relator’s exceptions of indispensable parties.
Therefore, for the reasons assigned herein, the judgment of the Court a qua in favor of plaintiffs and against relator, Southern Stevedoring Company, Inc., and in favor of defendant, Bunge Corporation, dismissing the suit of plaintiffs against it, rendered on August 11, 1964, and signed *210 ■on August 13, 1964, is annulled and set aside in toto and this matter is remanded to the Twenty-ninth Judicial District Court for the Parish of St. Charles for full and complete trial on all issues urged by the parties according to law, allowing relator the opportunity to cross-examine its adversaries and prove by all legal means available its defense of this action. And to that end it is also ordered that a full and complete transcript of this case through August 13, 1964, shall be made available to relator; that a trial be ordered after issue is properly joined in accordance with this opinion.
All costs in this Court shall be borne by plaintiffs.
Annulled and remanded.