REID, Judge.
Plaintiff, Harrison J. Cheramie has appealed to this Court from a judgment sustaining a motion for a summary judgment filed by Liberty Universal Insurance Company.
The facts are as stated in a joint stipulation of facts that plaintiff Harrison Chera-mie owned three vehicles, each of which was insured by a different company and he carried uninsured motorist coverage as well as medical payments. These vehicles are listed as follows: (1) a 1965 International truck insured by Maryland Casualty Company with $5000.00 uninsured motorist coverage, and $2000.00 medical payments; (2) a 1962 Ford automobile insured by Allstate Insurance Company for $5000.00 uninsured motorist coverage and $5000.00 medical payments; (3) a 1963 International truck insured by Liberty Universal Insurance Company with $5000.00 uninsured motorist coverage and $2000.00 medical payments.
Plaintiff was severely injured while driving the vehicle insured by Maryland Casualty Company in attempting to avoid a collision with an uninsured motorist who was clearly at fault.
Plaintiff sued Allstate Insurance Company and Liberty Universal Insurance Company each for $5000.00 uninsured motorist coverage.
Allstate Insurance Company has been dismissed in this suit as of non-suit.
After the joint stipulation of facts was filed Liberty Universal Insurance Company filed a motion for a summary judgment on the grounds that from the stipulation of facts filed in the record, there was no genuine issue of law on the clear facts insofar as plaintiff’s demand against the Liberty Universal Insurance Company was concerned and asked for a dismissal of plaintiff’s suit as a matter of law.
This motion for summary judgment was dxily tried and the Trial Court rendered a judgment in favor of Liberty Universal Insurance Company and against the plaintiff, dismissing plaintiff’s suit at his costs as far as Liberty Universal Insurance Company was concerned. It is from this judgment that plaintiff has brought this appeal to this Court.
According to the stipulation of facts Maryland Casualty Company paid $2000.00 medical payments and $3000.00 uninsured motorist coverage. Allstate Insurance Company paid $5000.00 medical payments and Liberty Universal Insurance Company paid $2000.00 medical payments.
Plaintiff-appellant argues that he is entitled to collect the full amount of $5000.00 under the Liberty Universal uninsured motorist coverage because this was a contractual obligation, and it did not make any difference which one of the vehicles he was riding in when he sustained injuries but he was entitled to recovery from each one.
Defendant-appellee relies on clauses which it contends exclude coverage where the accident happened when the plaintiff was riding in a car of his not insured under this policy and further that plaintiff has already recovered the maximum amount from another insurer, which would have been due to him under the instant policy and therefore can not recover anything from defendant appellee.
The defendant quotes certain clauses in the plaintiff’s insurance policy with it, especially certain exclusions of coverages and limits of liability in the uninsured motorists clause. However, this policy is not in the record and there is no stipulation of fact concerning these clauses and in their absence we can not consider the same. We therefore have to reverse the decision of the Lower Court and remand this mat *86 ter to it for further trial consistent with these reasons.
It is therefore ordered and decreed that the judgment herein be reversed and the matter remanded to the District Court for further trial consistent with the reasons herein expressed, costs of this appeal to be borne by the appellee and further costs to await the outcome of the suit.
Reversed and remanded.