PER CURIAM.
In this concursus proceeding to determine the ownership of certain mineral royalty interests, the principal question concerns whether certain prescriptive pleas prevent the Group 2 heirs from attacking a partition sale from their ancestors in title. Group 1 and Group 3 rely upon these prescriptive pleas as preventing the current attack upon their partition sale of 1897.
Although the trial court discussed these prescriptive pleas, we cannot find same filed in the record. By letter counsel have informed us that there was an agreement of counsel that the litigation could be decided upon the prescriptive questions without the necessity of filing additional pleadings; however, we do not locate any stipulation to this effect in the record before us.
Exercising our authority to correct deficient records, LSA-C.C.P. Art. 2132, and our discretion to prevent a miscarriage of justice through pleading inadvertence, LSA-C.C.P. Art. 2164, we hereby remand this appeal, for purposes of permitting the parties to supplement the record by appropriate showing as to the circumstances of the submission of the litigation on the pleas of prescription, including permission for the parties to file such formal pleas in accordance with any agreement of the parties that the issues thereby presented were to be decided by the court even without benefit of formal plea.
*365 Accordingly, the case is remanded, with instructions that the record as supplemented be returned to this court within thirty days of finality of this decree, for the decision to be submitted and decided by this panel without further docketing or oral argument.
Remanded.
On Application for Rehearing.
En Banc. Rehearing denied.