SAVOY, Judge.
This case involves a concursus proceeding by Texas Eastern Transmission Corporation and Continental Oil Company, lessor and operator, respectively, of certain producing property, to have the court determine the ownership of certain royalty interest in said minerals being produced from said land, and to determine the ownership of funds deposited in the Registry of the court. The contest in the instant case is among three sets of claimants, known as Group 1, 2 and 3, defendants. Group 1 and 3 defendants have interests in common, as opposed to Group 2 defendants.
Group 1 is claiming title to the property in dispute through their ancestor, Leon Mire, who purchased the land by deed dated January 5, 1898.
The heirs of Aurelien Caruthers and Aledia Caruthers comprise Group 2 and claim ownership by inheritance.
Group 3 claims ownership of an undivided one-half interest by inheritance from their mother, Emetile Thibodeaux, the wife of Lize Mire, Jr.
The controversy in the instant case is the result of an administrator’s sale wherein Raymond Caruthers, as administrator of the Successions of Aurelien and Aledia Caruthers, husband and wife, secured an order of court on December 2, 1897, to sell said property, and the sale to Leon Mire on January 5, 1898, pursuant to said order of court. Said sale was for the purpose of affecting a partition among the heirs of the successions.
Counsel for Group 2 contend that the administrator’s sale of the succession property is an absolute nullity in view of the provisions of LSA-C.C. Articles 1668 and 1669 which governed such sales at the time of the obtaining of the court order in the above successions. These articles are as follows:
Article 1668: “In default of funds sufficient to discharge the debts and legacies of sums of money, the testamentary executor shall cause himself to be authorized by the court to sell the movables, and if they are insufficient, the immov-ables, to a sufficient amount to satisfy those debts and legacies.”
Article 1669: “Except in the cases provided for in the preceding article, he cannot cause the immovables to be sold, unless he is authorized by the will to do so.”
The contention of Group 2 is that the succession was solvent, and the sale to effect a partition was prohibited by the above cited articles; and therefore was an absolute nullity.
Groups 1 and 3 contend that the validity or invalidity of the sale is of no moment because these parties and their ancestors in title are the owners of said property by virtue of ten and thirty years acquisitive prescription.
The district judge held that the administrator’s sale was an absolute nullity, and that Groups 1 and 3 did not acquire the property by acquisitive prescription and decreed Group 2 to be the owners of the minerals in contest and entitled to the funds in the Registry of the court. Groups 1 and 3 have appealed.
While the district judge discussed the prescription of ten and thirty years in his written reasons for judgment, we were unable to find where Groups 1 and 3 defendants filed any pleas of prescription in the instant case. By letter counsel informed us that there was an agreement of counsel that the litigation could be decided upon the prescriptive questions without the necessity of filing additional pleadings; however, we did not locate any stipulation to this effect in the record before us.
Exercising our authority to correct deficient records, LSA-C.C.P. Art. 2132, and our discretion to prevent a miscarriage of justice through pleading inadvertence, LSA-C.C.P. Art. 2164, we remanded this appeal, see Texas Eastern Transmission Corporation et al. v. Mire et al., 238 So.2d 364, (La.App. 3 Cir. 1970), for purposes *367 of permitting the parties to supplement the record by appropriate showing as to ■ the circumstances of the submission of the litigation on the pleas of prescription, including permission for the parties to file such formal pleas in accordance with any agreement of the parties that the issues thereby presented were to be decided by the court even without benefit of formal plea.
The case was returned to this Court by the Clerk of Court for further consideration. We find the following stipulation in the record as supplemented, namely:
“It is stipulated by and between the parties defendant herein on remand the following:
“1. At the time this matter was tried no specific agreement or stipulation was entered into as to filing of any type of special pleas other than the fact that all evidence was introduced without objection by any parties.
“2. Groups one and three offer, file and introduce Pleas of Prescription of two, three, five and thirty years, to which Group Two objects on the following grounds, namely, (a) there was no agreement whatsoever relating to the filing of such pleas or to the effect that such pleas would be considered without the necessity of the filing of formal pleas; (b) the record of all proceedings in the trial is contained in the transcript as originally lodged with the Court of Appeal; (c) there is no authority under the facts of this case and remand order to allow the filing of such pleas or otherwise add to or supplement the record of the proceedings in the trial court; and (d) such pleas cannot be filed after the submission of this case to the Court of Appeal. Subject to these objections the trial court allows the filing of these pleas of prescription.”
As stated before, the trial judge held that the administrator’s sale mentioned herein was an absolute nullity. With this holding we disagree.
In the case of Prestridge v. Humble Oil & Refining Company, 131 So.2d 810 (La.App. 3 Cir. 1961), on rehearing commencing at page 825, this Court thoroughly discussed when a sale is an absolute nullity, and when it is a relative nullity. We conclude that the sale in the instant case is a relative nullity for the reason there is nothing in the sale which derogates from the forces of laws made for the preservation of public order or good morals as set forth in LSA-C.C. Article 11.
In the above stipulation counsel for Group 2 objected to the filing of the pleas of prescription for the reason that they were filed after the case had been submitted to the court for decision. LSA-C.C. Article 3464 provides:
“Prescription may be pleaded in every stage of a cause, even on the appeal, but it ought to be pleaded expressly and specially before the final judgment.”
Since a final decision had not been rendered in this case, we are of the opinion that the pleas of prescription were properly filed under the above codal provision.
We are of the opinion that the pleas of prescription of two and five years as set forth in LSA-C.C. Article 3543, are valid and act as a bar to Group 2’s claim in this case. This article reads as follows:
“That any and all informalities of legal procedure connected with or growing out of any sale at public auction of real or personal property made by any sheriff of the parishes of this State, licensed auctioneer, or other persons, authorized by an order of the courts of this State, to sell at public auction, shall be prescribed against by those claiming under such sale after the lapse of two years from the time of making said sale, except where minors or interdicted persons were part owners at the time of making it, and in the event of such part ownership by said minors or interdicted persons, the prescription thereon shall accrue *368 after five years from the date of public adjudication thereof.”
LSA-C.C. Article 3542 provides:
“The following actions are prescribed by five years:
“That for the nullity or rescission of contracts, testaments or other acts.
“That for the reduction of excessive donations.”
“That for the rescission of partitions and guarantee of the portions.
“This prescription only commences against minors after their majority.”
For the reasons assigned the judgment of the district court is reversed, and judgment is hereby rendered in favor of the following persons in the following proportions:
Euclide Brasseaux — undivided J4
Ezola Brasseaux — undivided i/j
Deluse Mire — undivided ¥22
Della Mire Latiolais — undivided ¥32
Tolis Mire Meche — undivided ¥22
Aline Mire Meche — undivided ¥32
Louday Mire Comeaux — undivided Vs2
Thena Mire Guidry — undivided ¥32
Lucille Mire Arceneaux — undivided ¥32
Lorida Mire Bergeron — undivided ¥32
Leroy Daigle — undivided ¥22
L. J. Daigle — undivided ¥22
Linton Daigle' — undivided ¥22
Annie Mae Daigle Alleman — undivided Vs2
Alois Daigle — undivided ¥32
Vernel Daigle — undivided ¥32
Gertie Daigle LeBlanc — undivided ¥32
Curtiss Daigle — undivided ¥32 and against defendants, Aurelien Credeur, Alice Credeur, Clesmae Credeur, Elise Cre-deur, Mary Jane Credeur, Beatrice Credeur, Hazel Credeur, Nolton J. Credeur, Orelian Broussard, Norise Credeur, Euris Credeur, Nola Credeur, Thelma Credeur, Eldridge Credeur, Emory Breaux, Lucinda Breaux, Gertie Breaux, Oreste Lavergne, Edward Credeur, Wilma Credeur, Winnie Credeur, Aloncel Credeur, John Credeur, Odeide Credeur, Alida Credeur, Cálice Cormier, Aurelia Lantier, Verdie Credeur, Theresa Credeur, Alice Trahan, Alcide Lantier, Clovisia Credeur, Olydia Cormier, Josephine Lantier, Lily Mae Credeur, Marcell Credeur, Herdie Cormier, Lelia Cormier, Beulah Trahan, Zola Trahan, Lloyd Tra-han, Glady Trahan, Joyce Credeur, Voor-hies J. Trahan, Ethel Lavergne, Nancy Mae Laughlin, Bessie Laughlin, Geraldine Faul, Irma Smith, Agnes Cormier, Garrett P. Faul, Ostelia Lavergne, Rosabell Faul, Betty Jane Faul, L. G. Joseph Faul, Wilton J. Credeur, Delvin Credeur, Henrietta Delores Fall, Lorma Linda Fall, and Lois Elaine Fall, decreeing the first named parties to be the true and lawful owners in the proportions hereinabove set forth in and to the following described property, to-wit:
That certain tract of land located in Sections 48 and/or 44, Township 9 South, Range 2 East, Acadia Parish, Louisiana, containing three (3) arpents, more or less, and bounded now or formerly on the North by Basil Sonnier, and South, East and West by Bayou Wikoff; being the same property acquired by Lize Mire by Act No. 46511 of the records of Acadia Parish, Louisiana:
together with all royalties that have accrued in the Registry of the court or that may accrue hereafter. Costs of this proceedings to be borne out of the mass of the funds in the Registry of the court.
Reversed and rendered.