420 So.2d 1267 (1982)
COILED TUBING, INC., Plaintiff-Appellee,
v.
Robert MORRIS, d/b/a Eldorado Gas Company, Inc., Defendant-Appellant.
No. 82-144.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
Hawley & Schexnayder, W. Paul Hawley, Lafayette, for defendant-appellant.
Mark C. Landry and Robert T. Wakefield, of Newman & Drolla, New Orleans, for plaintiff-appellee.
Before CULPEPPER, GUIDRY and LABORDE, JJ.
LABORDE, Judge.
This matter comes before this Court after having been consolidated for purposes of appeal with suit # 82-143 entitled Cudd Pressure Control, Inc. v. Eldorado Gas Company, 420 So.2d 1270. Both suits were brought for the enforcement of a lien that Coiled Tubing, Inc. had recorded against defendant, Eldorado Gas Company Inc., as a consequence of the reworking of an oil and gas well located in Evangeline Parish, Louisiana.
*1268 Coiled, just prior to the start of the trial, moved to substitute Cudd Pressure Control, Inc. as party plaintiff in lieu of itself, since the two companies being subsidiaries of the same parent company, Rollins, had allegedly been merged effective January 2, 1981. Counsel for Eldorado objected to the substitution and filed an exception of no right of action at that time. Both the motion to substitute and the exception were taken under advisement by the trial judge and, at the conclusion of the evidence, the trial court allowed Cudd to be substituted for Coiled, overruled Eldorado's exception of no right of action, and granted judgment as prayed for by plaintiff, (now Cudd), recognizing and maintaining its lien in the amount of $30,527.96 with legal interest from March 16, 1981, until paid, with attorney's fees of 10% and all costs. From this adverse judgment, Eldorado has appealed devolutively. We affirm.
In the companion case above captioned, bearing # 82-143, Cudd brought suit against Eldorado as a consequence of the reworking of the same well referred to earlier, likewise seeking the enforcement of the lien that Coiled had recorded against Eldorado. In its petition, which was filed on December 1, 1981, (one day before the rendition and filing of the judgment in Cudd's favor in the first suit), Cudd alleged that it was the surviving corporation of a merger between itself and Coiled which became effective on January 2, 1981, and hence, was the proper party to bring an action to enforce the lien against Eldorado held under the name of Coiled. Eldorado filed an exception of lis pendens seeking dismissal of Cudd's suit with prejudice. The trial court granted Eldorado's exception of lis pendens, dismissing Cudd's suit without prejudice. From this judgment, Cudd has appealed.

EXCEPTION OF LIS PENDENS
For ease of discussion, the exception of lis pendens will first be considered. By the filing of the exception of lis pendens, Eldorado naturally contends that Cudd and Coiled are one and the same.[1] It is admitted by Cudd in paragraph 2 of their "Motion to Consolidate Cases on Appeal", that "both parties in each suit are identical". Therefore, it is conceded by Coiled Tubing and/or Cudd Pressure Control, Inc. that the exception of lis pendens is valid. Since suit # 82-143 deals only with the validity of the exception of lis pendens, that issue is now moot and we need concern ourselves only with the merits of suit # 82-144.
Even supposing that the issue was not moot, the exception of lis pendens would nevertheless have to be sustained. Article 531 of the Louisiana Code of Civil Procedure provides in part, that:
"When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all."
In the case of Scott v. Ware, 160 So.2d 237 (La.App. 2nd Cir.1964), a suit had been filed, tried, and was on appeal, when the same plaintiff filed an identical action against the same defendant. Defendant filed an exception of lis pendens, which the trial court sustained. In sustaining the judgment of the trial court, the Court of Appeal cited the case of Cardino v. Scroggins, 190 La. 53, 181 So. 810 (La.1938), where, "a plea of lis pendens was sustained and the second suit dismissed, where the second suit involved the same parties in identical capacities, was based upon the same cause of action and had the same object, even though the same suit was pending on appeal."
Clearly, in the case at hand, the exception of lis pendens was properly sustained in that the parties, cause of action, and object of both suits were identical. At the time that the exception of lis pendens *1269 was filed and decided, there was as yet no final judgment in the matter entitled "Coiled Tubing, Inc. v. Eldorado Gas Company, Inc.", the delays for devolutive appeal not having yet run. Therefore, the exception of lis pendens was properly maintained.

SUBSTITUTION AS PARTY PLAINTIFF
Eldorado's first contention is that the trial court erred in allowing Cudd to substitute itself as plaintiff in the action originally begun by Coiled. In the case of Gulf Bldg. Serv. v. Travelers Indem., 365 So.2d 870 (La.App. 4th Cir.1978), the Court of Appeal was faced with similar facts. Plaintiff, Gulf Building Services, merged into Macke Building Services Co., Inc., in 1970. In 1974, Gulf Building Services instituted suit on a claim against Travelers, and Travelers filed an exception of no right of action. The trial court dismissed the case, and Gulf appealed, seeking leave to substitute parties plaintiff. The court therein stated:
"We hold only that in the case of a petition by a merged corporation asserting a claim under a premerger contract, a judgment maintaining an exception of no right of action (on the grounds that the merged corporation is no longer a "person" at interest, C.C.P. 681, and that the claim was not "existing" within R.S. 12:115E at the time of the merger) should, rather than dismiss the petition, order amendment to substitute as plaintiff the corporation which survived the merger."
Furthermore, LSA-C.C.P. Article 934 provides:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."
Therefore, even if the trial judge had in this case sustained Eldorado's exception, it could properly have granted Coiled the right to substitute Cudd as plaintiff. As this court said in Hodges v. LaSalle Parish Police Jury, 368 So.2d 1117 (La.App. 3rd Cir.1979):
"When the ground of exception can be removed by amendment, the trial court must allow petitioner the opportunity to amend."
We agree with this statement of the law and find no error on the part of the trial judge.

NO RIGHT OF ACTION
Eldorado next contends that the trial court erred in having failed to sustain its exception of no right of action, which was filed in response to Cudd's motion to substitute itself as party plaintiff. The exception of no right of action raises the question of whether a remedy afforded by the law can be invoked by the particular plaintiff bringing the action. Concerned Citizens of Rapides Parish v. Hardy, 397 So.2d 1063 (La. App. 3rd Cir.1981); Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La.App. 1st Cir.1977).
There can be little doubt that had Coiled never allegedly merged with Cudd, Coiled would have had a cause of action to enforce and recognize its lien, and it would have as well had a right of action to bring the suit. However, in this case, Eldorado urges that because of the alleged merger of Cudd and Coiled, and the substitution of Cudd as plaintiff, that Cudd is without right to bring the cause of action.
Referring once again to Eldorado's exception of lis pendens filed in the companion case, # 82-143, 420 So.2d 1270, the following language is used:
"... that the parties therein are the same parties in this action, that the said proceeding involves the same cause of action, and has the same object as the instant suit; and the exceptor specifically pleads the pendency of the said action in bar of prosecution of the instant suit."
Because of this judicial admission made by Eldorado, it cannot now be heard to say *1270 that Cudd and Coiled are not one and the same. It is obvious that they are, and as a result thereof, Cudd has the right of action to prosecute the suit to enforce and recognize the lien.

THE MERITS
Eldorado's final contention is that the trial court rendered judgment based on hearsay testimony and on evidence in the form of exhibits, in violation of the best evidence rule.
In Hebert v. Brazzel, 393 So.2d 135 (La. App. 3rd Cir.1980), this Court reiterated the law concerning appellate review of factual issues:
"Our review of factual issues is controlled by the principle established by the Supreme Court in Canter v. Koehring Company, 283 So.2d 716 (La.1973) and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In those two cases, the standard of review to be applied to factual determinations by the trier of fact, whether judge or jury, was declared to be manifest error. Manifest error was defined as meaning clearly wrong. Therefore, our review of the factual determinations consists of a review of the record to establish whether or not they are clearly wrong."
In doing so, this Court must give great weight to the reasonable evaluations and inferences of fact made by the trial court. The trial court evaluated the testimony of William F. Alexander. Alexander was the Coiled Tubing employee who actually performed the work at the job site for Coiled and was in charge of their crew. He testified that the work charged for on the "job orders" filed in the record as P-1 in globo was in fact performed and that he knew of this from his personal knowledge. Alexander testified that as the work was done, he signed the Coiled Tubing "tickets". He further testified that the work was performed by Coiled under his supervision and was properly done. The trial court was not clearly wrong in accepting Alexander's testimony. Such a conclusion was a reasonable evaluation of testimony and credibility of the witness which is well supported by the record.
Eldorado's contention that the trial court based its decision upon documents in the record which are "not the best evidence" is without merit. At the time that the documents in question, namely P-1 in globo (invoices and job orders) and P-2 (lien affidavit) were offered and filed into evidence, counsel for Eldorado had no objection to their introduction. Having failed to object to the introduction of the documents into evidence at the time they were offered, counsel for Eldorado may not now question their introduction into evidence on appeal.
For the reasons assigned, the judgment in Coiled Tubing Inc. v. Eldorado Gas Company, Inc., 420 So.2d 1267 is affirmed with costs assessed to appellant.
AFFIRMED.
NOTES
[1] LSA-C.C.P. Article 532; LSA-C.C.P. Article 925(3).