KING, Judge.
The sole issue presented by this appeal is whether the trial court properly dismissed plaintiffs action on an exception of lis pen-dens filed by the defendant.
James (hereinafter Mr. Robinson) and Sudie Robinson (hereinafter Mrs. Robinson) were divorced by a final judgment of divorce rendered by the East Baton Rouge Parish Family Court on August 25, 1983. As an incident to the divorce, the judgment of divorce granted the couple joint custody of their minor child, Eva Angelica, with Mrs. Robinson being awarded primary physical custody and Mr. Robinson being granted visitation rights. The judgment also ordered Mr. Robinson to pay Mrs. Robinson child support of $100.00 per month.
On January 24,1984, Mrs. Robinson, who with the minor child was then residing and domiciled in Rapides Parish, Louisiana, filed a petition and rule to show cause in the Ninth Judicial District Court of Rapides Parish, Louisiana seeking to change the joint custody provisions to sole custody and to increase the monthly child support payments. According to the allegations of Mrs. Robinson’s petition, she and Eva Angelica were then domiciled in Rapides Parish, Louisiana. Mr. Robinson responded by filing a declinatory exception of lis pendens. The exception alleged that at the time Mrs. Robinson filed her suit there was already pending in the Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana an action between the same parties, based on the same cause of action, and having the same object. Mr. Robinson also filed a dilatory exception of improper use of summary proceedings. The trial judge held a contradictory hearing, sustained Mr. Robinson’s exception of lis pendens, and signed a judgment dismissing Mrs. Robinson’s suit. No ruling was made on the dilatory exception filed by Mr. Robinson. Mrs. Robinson timely appeals. We reverse and remand.
FACTS
The record reveals that the hearing on the exception of lis pendens consisted solely of the attorneys for both parties giving oral argument. Their arguments, transcribed for the record, contained a discussion of the history of the domestic litigation between Mr. and Mrs. Robinson and their arguments supporting their respective legal positions on the pending exception of lis pendens. There is no stipulation in the record which provides that the factual references made in the oral argument were the facts stipulated to by both parties in connection with the hearing on the ex *48 ception. Thus, the only evidence contained in the record of any previously filed action between Mr. and Mrs. Robinson in the East Baton Rouge Parish Family Court are references, incorporated in Mrs. Robinson’s petition, to the judgments of separation and divorce, and a claim in the exception of lis pendens that in the East Baton Rouge Parish Family Court there were pending actions between the same parties, in the same capacities, and having the same object.
LSA-C.C.P. Art. 531 provides:
“When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.”
LSA-C.C.P. Art. 925 provides:
“The objections which may be raised through the declinatory exception include, but are not limited to, the following:

(3) Pendency of another action between the same parties, in the same capacities, on the same cause of action, and having the same object;”
The party filing an exception of lis pendens has the burden of proving the facts necessary for his exception to be sustained. Cf. Morris v. Rental Tools, Inc., 435 So.2d 528 (La.App. 5th Cir.1983); Town of Grand Isle v. Dynamic Constructors, 374 So.2d 703 (La.App. 1st Cir.1979). When the grounds to support the declinatory exception do not appear from the petition, citation, or return thereon evidence may be introduced to support or controvert the exception pleaded. LSA-C.C.P. Art. 930. Thus, Mr. Robinson had the burden of proving that at the time Mrs. Robinson filed the present rule in Rapides Parish, there already existed a pending action between him and Mrs. Robinson based on the same cause of action, and having the same object. Kaplan v. University Lake Corp., 394 So.2d 782 (La.App. 4th Cir.1981); Coiled Tubing, Inc. v. Morris, 420 So.2d 1267 (La.App. 3rd Cir.1982).
Applying these principles to the facts of this case, we find that the exception of lis pendens was improperly granted. There is no proof in the record that at the time Mrs. Robinson filed her petition and rule in Rapides Parish, Louisiana that there was an action pending between Mr. and Mrs. Robinson in the East Baton Rouge Parish Family Court or in any other court. Mr. Robinson has failed to meet the burden of proof, imposed on him by law, to sustain the granting of his exception of lis pen-dens.
For the reasons given above, the judgment of the trial court sustaining defendant-appellee’s exception of lis pendens is hereby vacated and set aside and the case is remanded to the trial court for further proceedings. All costs of this appeal are to be paid by defendant-appellee.
JUDGMENT VACATED AND SET ASIDE AND CASE REMANDED TO TRIAL COURT FOR FURTHER PROCEEDINGS.