MARVIN, Chief Judge.
In this appeal of a judgment sustaining an exception of lis pendens in an action on an automobile lease, the record does not contain a copy of the pending lawsuit which was the basis of the exception. The pending lawsuit was presented to the trial court for review at the hearing on the exception but was not introduced in evidence. The “facts” concerning the pending lawsuit appear in this record only in the form of oral argument by the lawyers in the trial court and in the court’s oral reasons for judgment, but not in the form of reviewable evidence.
Without evidence of the filing date and the contents of the alleged pending lawsuit, the record is inadequate for meaningful appellate review of the judgment sustaining the exception. See and compare Cheramie v. Allstate Insurance Company, 213 So.2d 84 (La.App. 1st Cir.1968) and Robinson v. Robinson, 474 So.2d 46 (La.App. 3d Cir.1985).
We remand to allow the pending lawsuit to be introduced in evidence and the trial court to resolve the discrepancy hereafter noted. CCP Arts. 531, 925, 930, 2132, 2164. See and compare Texas Eastern Transmission Corporation v. Mire, 238 So.2d 364 (La.App. 3d Cir.1970) and Jackson v. Wal Mart Properties, Inc., 443 So.2d 3 (La.App. 3d Cir.1983).
The apparent discrepancy which we note is in the monetary amount plaintiff contends is owed by defendants. We summarize the proceedings only to explain the discrepancy, which the parties, and trial court, if necessary, should address on remand.
SUMMARY
The action in which lis pendens was sustained was brought by the assignee of a car lease, General Electric Capital Auto Lease, Inc. (GECAL), to recover possession of the car under the Louisiana Lease of Movables Act, LRS 9:3301 et seq. Alleging that the lessees, William and Marie Jackson, had defaulted in the monthly lease payments, GECAL sought only the surrender of the car in its petition, reserving its right to bring a separate action to collect the past-due rental payments, as authorized by § 3324.
GECAL’s petition, filed June 25, 1990, does not allege when the default occurred or how many monthly payments were missed. Copies of the April 1988 lease and of GECAL’s letter of June 14, 1990, notifying the Jacksons of its election to cancel the lease, are attached to the petition. The letter is captioned “RE: 1988 Cadillac De-Ville ... Due Date: October 1, 1989 Amount: $4,395.47.”
GECAL’s action was filed in Bossier Parish apparently after the Jacksons had sued GECAL in Caddo Parish. In their action, the Jacksons apparently sought credit against their monthly lease payments for some or all of their $4,000 security deposit, which they contended was excessive.
At the hearing on the exception, the trial court found:
[Njeither of these cases can be disposed of without being dispositive of the other.... under the terms of the lease, and the allegations in [GECAL’s] petition, if [the Jacksons are] given that credit they’ve paid more than they would have been required to at this point under the lease .... If they’re not entitled to that credit then, obviously, in this case, they would not have made the payments and [GECAL] would be entitled to [recover possession of the car], so that will be dispositive of this lawsuit.
On the face of this record, the emphasized finding appears to be erroneous, since the amount due that is stated in the letter attached to GECAL’s petition ($4,395.47) exceeds the amount of the security deposit ($4,000). The amount stated in the letter may be incorrect. The monthly payments from the due date stated in the letter (October 1,1989), which is apparently the date of the Jacksons’ default, total $3,559.68 rather than $4,395.47, as shown on the ietter attached to GECAL’s petition.
*1211 GECAL may, on remand, amend its petition or otherwise resolve the discrepancy we have noticed by offering evidence to show the amount it contends was in default when GECAL filed its suit. See and compare Crockett v. Crockett, 537 So.2d 334 (La.App. 1st Cir.1988), and Texas Eastern Transmission Corporation v. Mire, supra.
We remand with instructions that the record be supplemented as directed and returned to this court within 45 days from the date of this opinion to allow this court to consider the merits of the appeal without further docketing or oral argument. The trial court may assess additional costs on remand.
REMANDED WITH INSTRUCTIONS.