MARVIN, Chief Judge.
The assignee of an automobile lease, General Electric Capital Auto Lease, Inc. (GECAL), brought this action in Bossier Parish against the lessees, William and Marie Jackson, to recover possession of a rental car under the Louisiana Lease of Movables Act, LRS 9:3301 et seq., alleging that the Jacksons had defaulted in the monthly lease payments. The trial court sustained the Jacksons’ exception of lis pendens based on the pendency of their action in Caddo Parish against GECAL. Because the Caddo Parish suit was not in the record on our initial review we remanded to have the Caddo record made a part of the Bossier record. Gen. Elec. Capital Auto Lease v. Jackson, 584 So.2d 1209 (La.App. 2d Cir.1991).
Now reviewing the merits of the appeal on the supplemented record, we reverse the judgment sustaining the lis pendens exception and remand.
FACTS
The Jacksons brought the Caddo action against GECAL and the original lessor-assignor in October 1989, alleging that they had sold their personal vehicle to the lessor for $4,000 when the lease was executed in April 1988. They asserted that the $4,000 was to be applied as a credit against their monthly lease payments, but instead was credited as a “security deposit ... in lieu of ... being applied as a prepayment on the lease.” The Jacksons alleged that the amount of security deposit usually required for a lease such as theirs was $400, and sought to recover $3,600 as the difference between the $4,000 and the $400 usual amount, as well as damages for loss of use of their funds and because they paid a higher amount each month than they would have owed had the $3,600 been applied as a prepayment on their monthly obligations.
The Jacksons apparently ceased making monthly lease payments when they filed their Caddo suit in October 1989. GECAL then brought the Bossier Parish action against the Jacksons in June 1990, alleging default in the lease payments and failure to surrender the car after GECAL notified the Jacksons of its election to cancel the lease under LRS 9:3320. As authorized by §§ 3322 and 3324, GECAL summarily proceeded seeking surrender of the car, reserving its right to bring a separate action to collect the past-due rental payments.
The Jacksons filed their exception of lis pendens in the Bossier action in July 1990. CCP Art. 531 then provided:
When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto ...[1]
The trial court gave these reasons for sustaining the exception:
It appears to me that under Article 531 we have the same parties in the same capacities. It says the same cause of action as to suit on the contract, and the object is to determine whether or not, in both cases, whether or not the contract has been complied with. The Jacksons, in the Caddo Parish lawsuit, seek credit for monies that they alleged were wrongfully credited, and in this suit the now plaintiff, [GECAL], seeks to have the lease nullified and ordering surrender of the leased vehicle because of non-payment. The object is whether or not this money has, in fact, been paid.
The Bossier court found that neither case could be disposed of without being disposi-tive of the other, because if the Jacksons were entitled to the credit they claimed in the Caddo suit, they would have paid more than they then owed under the lease, precluding GECAL from recovering possession of the car in the Bossier suit. Conversely, the court said, if the Jacksons *77 were not entitled to the credit, they would be in default and GECAL would prevail in the Bossier suit.
We noted in our earlier opinion an apparent discrepancy in the amount that GECAL claimed the Jacksons owed. In the demand letter attached to GECAL’s petition, the amount was stated as $4,395.47, which is greater than the $3,600 credit the Jacksons claimed, and also greater than the $3,559.68 total of the monthly payments that had accrued since the “due date” stated in the letter, which amount is slightly less than the credit that the Jacksons claimed. Because the trial court’s decision was based in part on its finding that the amount of the credit exceeded the amount then due under the lease, we granted GE-CAL leave to resolve the discrepancy on remand. Gen. Elec. Capital Auto Lease v. Jackson, supra.
GECAL did not resolve the discrepancy on remand. For discussion purposes only, we assume that the trial court was correct in its finding that the amount of the credit claimed by the Jacksons exceeded the amount then due under the lease. Nevertheless, we find that the court erred in sustaining the exception.
LIS PENDENS
The identity of the parties and their capacities is not at issue here. The exception turns on whether the two suits involve the same cause of action and the same object. CCP Art. 531. If they do not, the exception must be overruled, notwithstanding that the suits arise from the same underlying facts or will present the same or similar issues for their resolution. See and compare Willswood Plantation, Inc. v. Foret, 314 So.2d 409 (La.App. 4th Cir.1975), writ denied, and Knight v. Louisiana State Bd. of Medical Examiners, 195 So.2d 375 (La.App. 4th Cir.1967).
The trial court found that the respective causes of action of the Jacksons and GECAL were the same, labeling each as “suit on the contract.” For purposes of lis pendens, the term “cause of action” means the grounds on which the demand is based, not merely the type of action or demand that is brought. Lamb v. Lamb, 411 So.2d 1 (La.1982). The court in Lamb found that the wife’s suit for divorce based on adultery and the husband’s suit for divorce based on living apart for one year had the same object, or thing demanded, but were not “suits on the same cause of action” under CCP Art. 531. The court, reversed the judgment sustaining an exception of lis pendens.
While the respective demands of the Jacksons and GECAL are based on an alleged breach of the lease, the ground for the Jacksons’ demand is the manner in which their $4,000 payment was credited when the lease was executed in April 1988, while the ground for GECAL’s demand is the Jacksons’ failure to make monthly lease payments beginning in October 1989. Under CCP Art. 531 and Lamb, supra, the respective causes of action are not the same.
Similarly, we cannot agree with the trial court’s statement that the object of the two actions “is whether or not the contract has been complied with.” As we appreciate it, that is an issue that will have to be determined in both actions, but it is not the object of each action.
The object of the Jacksons’ action is to recover damages for breach of the lessor’s alleged agreement to apply $3,600 of the Jacksons’ initial $4,000 payment to reduce the amount of their monthly lease obligations. The Jacksons did not seek to have the lease cancelled.
The object of GECAL’s action is to recover possession of the leased car, a remedy that is available under LRS 9:3318 only when the lessor has elected to cancel the lease. The fact that the Jacksons may not be in default under the lease if they are entitled to the alleged $3,600 credit does not render the object or the cause of action of the two suits the same. Compare factually Estilette v. Rogers, 301 So.2d 372 (La. App. 4th Cir.1974). The court there reversed a judgment sustaining an exception of lis pendens because the respective causes of action and objects of the plaintiff’s suit for the balance due on a promis *78 sory note and the defendant’s earlier suit for reduction or cancellation of the note based on fraud were not the same.
DECREE
At the Jacksons’ cost, the judgment sustaining the exception of lis pendens is reversed. The case is remanded for further proceedings.
REVERSED AND REMANDED.

. CCP Art. 531 was amended in 1990, effective January 1, 1991. We apply the prior language of the article.